**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DEANDRE CRAWFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 15-cv-1597 |
| v. ) | |
| ) | |
| KAREN RABIDEAU, OFFICER ) | Judge Edmond E. Chang |
| D. WALKER, DR. SALEH OBAISI, ) | |
| DR. KENNETH BROOKS, and ) | Magistrate Judge Jeffery T. Gilbert |
| DR. JACQUELINE MITCHELL, ) | |
| ) | |
| Defendants. ) | |

**AMENDED COMPLAINT**

Plaintiff DeAndre Crawford, by and through his attorneys, complains against defendants Karen Rabideau, Officer D. Walker, Dr. Saleh Obaisi, Dr. Kenneth Brooks, and Dr. Jacqueline Mitchell as follows:

**NATURE OF THE ACTION**

1. Plaintiff DeAndre Crawford ("Crawford") suffers from severe, unpredictable seizures. Ignoring the significant and obvious risk to Crawford of sleeping on the top bunk of a bunk bed, Stateville Correctional Center ("Stateville") has *never* provided Crawford with a low bunk, despite assigning him a "low-bunk permit" when he was incarcerated in 2012. Even after Crawford's repeated requests for a low bunk, prison staff at Stateville have failed persistently to correct the issue. Likewise, prison staff have repeatedly denied Crawford access to scheduled medical appointments for treatment and monitoring of his condition.

2. In May 2014, Crawford suffered a seizure and fell from his top bunk to the concrete floor of his cell, injuring his head, shoulder, and mouth and breaking one tooth at the root. Despite Crawford's severe, obvious injuries and need for immediate medical care, prison

medical staff failed to provide him with adequate medical treatment. Crawford now brings this action for damages and injunctive relief against defendants Karen Rabideau, Officer D. Walker, Dr. Saleh Obaisi, Dr. Kenneth Brooks, and Dr. Jacqueline Mitchell in order to remedy their deliberate indifference to his serious medical needs.

## PARTIES

3. DeAndre Crawford is an inmate at Stateville, which is located near Joliet, Illinois.

4. Karen Rabideau ("Rabideau") is an individual residing in the State of Illinois.

5. Officer D. Walker ("Officer Walker") is an individual residing in the State of Illinois.

6. Dr. Saleh Obaisi ("Dr. Obaisi") is an individual residing in the State of Illinois.

7. Dr. Jacqueline Mitchell ("Dr. Mitchell") is an individual residing in the State of Illinois.

8. Dr. Kenneth Brooks ("Dr. Brooks") is an individual residing in the State of Illinois.

## JURISDICTION & VENUE

9. This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 because it arises under the Eighth Amendment to the Constitution and 42 U.S.C. § 1983. This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1343(a)(3) because it is being brought to redress the deprivation, under color of State law, of a right secured by the Eighth Amendment to the Constitution.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this judicial district.

## FACTUAL BACKGROUND

11. For years, Crawford has suffered from a seizure disorder that causes him to have severe, unpredictable seizures. During his seizures, Crawford loses control of his muscles and loses consciousness.

12. Since July 2012, Crawford has been incarcerated at Stateville Correctional Center, an Illinois Department of Corrections prison facility located near Joliet, Illinois.

13. Physicians at Stateville diagnosed Crawford as suffering from a seizure disorder when he first arrived at the facility. Because of his seizures, Stateville medical personnel issued Crawford a "low bunk, low gallery" permit on the very first day he arrived at the prison.

14. However, despite identifying Crawford's medical need for a low bunk, Stateville prison staff have never assigned or provided Crawford with a low bunk. Instead, Stateville prison staff have forced Crawford to sleep on a high or top bunk.

15. Rabideau is the placement and assignment officer at Stateville with responsibility for inmate cell assignments. Crawford has repeatedly contacted Rabideau regarding his need for a low bunk due to his seizures and asked her to assign him to a cell with a low bunk.

16. Rabideau was and is aware of Crawford's seizure disorder, need for a low bunk, and low bunk permit. However, Rabideau has failed to take any action to move Crawford or otherwise provide him with a low bunk.

17. Given his seizure disorder, Crawford also has regular, scheduled appointments for medical treatment at Stateville's seizure clinic. To receive medical treatment at the seizure clinic and for other medical appointments, Crawford must be "keyed out" or taken to the appointment by a correctional officer.

18. On at least two occasions, Officer Walker was the correctional officer with the responsibility for taking Crawford to his medical appointments, including his seizure clinic appointments.

19. On April 22, 2014, Crawford gave Officer Walker a call pass for an appointment to be seen at the prison's seizure clinic that day. Despite her knowledge of Crawford's medical appointment and underlying seizure disorder, Walker refused to "key out" Crawford for the appointment.

20. On May 14, 2014, Crawford suffered a seizure while lying in his top bunk bed. As a result of the seizure, Crawford fell from his top bunk on to the concrete floor of his cell, injuring his head, shoulder, and mouth and breaking one tooth at the root.

21. Crawford was taken to the prison's health care unit where he was seen by Dr. Obaisi, Stateville's medical director. Despite Crawford's obvious need for medical attention, Dr. Obaisi simply asked Crawford two questions and then sent him to the prison's dental clinic without conducting a medical examination or providing medical treatment for his injuries.

22. Crawford attempted to obtain medical treatment from Dr. Obaisi, explaining that he was in pain and experiencing unusual drainage from his nose. Dr. Obaisi ignored Crawford's complaints and failed to provide him with medical treatment.

23. Later that day, Crawford was taken to the prison's dental unit. The dental unit was staffed by Dr. Brooks and Dr. Mitchell.

24. When he arrived at the dental unit, Crawford was in obvious pain from the injuries he sustained in his fall. Dr. Brooks began treating Crawford's broken tooth but abruptly stopped before completing treatment because it was time to leave for the day. Crawford was escorted from the dental unit without receiving adequate medical care for his broken tooth.

25. Further compounding this problem, Dr. Mitchell refused to prescribe Crawford a liquid diet despite Crawford's obvious inability to chew food given his untreated broken tooth.

26. Because of Dr. Brooks' and Dr. Mitchell's failure to provide Crawford with adequate medical care, Crawford could not eat for several days and threw up when he took his medication.

27. Crawford was scheduled for a follow up appointment two days later, on May 16, 2014. However, Crawford was never seen by the dentists on May 16, 2014.

28. Crawford also complained of sinus drainage issues, constant headaches, and short term memory loss following his seizure and fall. Despite these complaints, he did not receive medical treatment for several weeks.

29. In fact, despite his ongoing pain and obvious need for medical treatment, Crawford's tooth was not treated adequately until January 2015.

30. Despite Crawford's seizure disorder and the serious injuries he received in May 2014 as a result of being placed in a top bunk, he remains assigned to a top bunk.

## COUNT I
### (Against Rabideau)

31. Crawford re-alleges paragraphs 1 through 30.

32. Crawford has a right under the Eighth Amendment to receive adequate medical treatment while incarcerated at Stateville Correctional Center.

33. Crawford's seizure disorder constitutes a serious medical need.

34. Crawford's serious medical need requires him to be housed in a low bunk because of the significant and obvious danger associated with being housed in a top bunk.

35. Rabideau is responsible for inmate cell assignments at Stateville, including accommodating low bunk needs.

36. Rabideau knew of Crawford's serious medical need and that it requires him to be housed in a low bunk.

37. Rabideau knew or should have known that housing Crawford in a top bunk posed a substantial risk of serious harm to his health.

38. On information and belief, Rabideau has taken no action to address Crawford's need for a low bunk.

39. Rabideau's inaction constitutes deliberate indifference to Crawford's serious medical need and a risk of serious harm to Crawford.

40. At all times relevant to this action, Rabideau was acting under color of State law.

41. Crawford has been harmed as an actual and proximate result of Rabideau's deliberate indifference to his serious medical needs.

## COUNT II
### (Against Officer Walker)

42. Crawford re-alleges paragraphs 1 through 30.

43. Crawford has a right under the Eighth Amendment to receive adequate medical treatment while incarcerated at Stateville Correctional Center.

44. Crawford's seizure disorder constitutes a serious medical need.

45. Officer Walker knew of Crawford's serious medical need.

46. Walker knew or should have known that Crawford's serious medical need presented a substantial risk of serious harm to his health.

47. By failing to "key out" Crawford for his medical appointments, Officer Walker delayed or denied Crawford of access to medical treatment and acted with deliberate indifference to a serious medical need.

48. At all times relevant to this action, Officer Walker acted under color of State law.

6

49. Crawford has been harmed as an actual and proximate result of Officer Walker's deliberate indifference to his serious medical needs.

### COUNT III
### (Against Dr. Obaisi)

50. Crawford re-alleges paragraphs 1 through 30.

51. Crawford has a right under the Eighth Amendment to receive adequate medical treatment while incarcerated at Stateville Correctional Center.

52. Crawford's seizure disorder and injuries related to his fall constitute serious medical needs.

53. At all relevant times, Dr. Obaisi was aware of Crawford's serious medical needs.

54. Dr. Obaisi knew or should have known that Crawford's serious medical needs presented a substantial risk of serious harm to his health.

55. At all times relevant to this action, Dr. Obaisi acted under color of State law.

56. By failing to provide Crawford with adequate medical treatment, Dr. Obaisi acted with deliberate indifference to serious medical needs.

57. Crawford has been harmed as an actual and proximate result of Dr. Obaisi's deliberate indifference to his serious medical needs.

### COUNT IV
### (Against Drs. Brooks and Mitchell)

58. Crawford re-alleges paragraphs 1 through 30.

59. Crawford has a right under the Eighth Amendment to receive adequate medical treatment while incarcerated at Stateville Correctional Center.

60. Crawford's seizure disorder and injuries related to his fall constitute serious medical needs.

61. At all relevant times, Dr. Brooks was aware of Crawford's serious medical needs.

62. At all relevant times, Dr. Mitchell was aware of Crawford's serious medical needs.

63. Dr. Brooks knew or should have known that Crawford's serious medical needs presented a substantial risk of serious harm to his health.

64. Dr. Mitchell knew or should have known that Crawford's serious medical needs presented a substantial risk of serious harm to his health.

65. At all times relevant to this action, Dr. Brooks acted under color of State law.

66. At all times relevant to this action, Dr. Mitchell acted under color of State law.

67. By failing to provide adequate medical treatment to Crawford, Dr. Brooks and Dr. Mitchell each acted with deliberate indifference to his serious medical needs.

68. Crawford has been harmed as an actual and proximate result of Dr. Brooks's and Dr. Mitchell's deliberate indifference to his serious medical needs.

## RELIEF REQUESTED

WHEREFORE, plaintiff DeAndre Crawford prays for judgment as follows:

(a) A preliminary and permanent injunction directing defendant Rabideau to provide Crawford with a low bunk;

(b) Damages sufficient to compensate Crawford for pain and suffering caused by defendants' deliberate indifference to his serious medical needs;

(c) Punitive damages;

(d) Attorney's fees; and

(e) Interest, costs, and such other relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff DeAndre Crawford requests a trial by jury.

Dated: August 12, 2015 DEANDRE CRAWFORD

By: /s/ *David M. Friebus*
       One of his Attorneys

David M. Friebus
Erin L. Brechtelsbauer
BAKER & HOSTETLER LLP
191 North Wacker Drive, Suite 3100
Chicago, Illinois 60606
(312) 416-6200
dfriebus@bakerlaw.com
ebrechtelsbauer@bakerlaw.com

9