# Exhibit A

# BakerHostetler

Baker&Hostetler LLP

191 North Wacker Drive
Suite 3100
Chicago, IL 60606-1901

T 312.416.6200
F 312.416.6201
www.bakerlaw.com

June 30, 2016

Josephine Tung
direct dial: 312.416.6280
jtung@bakerlaw.com

**VIA EMAIL & U.S. MAIL**

Todd R. Burgett
Cassiday Schade LLP
20 North Wacker Drive
Suite 1000
Chicago, Illinois 60606

     Re:    *DeAndre Crawford v. Karen Rabideau, et al.*, No. 15 C 1597

Dear Todd:

In accordance with Federal Rule of Civil Procedure 37(a)(1), this letter addresses deficiencies in Defendants Dr. Saleh Obaisi and Dr. Kenneth Brooks's (together, "Defendants") responses to Plaintiff's First Set of Interrogatories and Document Requests.

## Dr. Obaisi's Discovery Responses

*Interrogatory No. 5.* This request asked Dr. Obaisi to identify all communications between himself and Plaintiff. In response to this request, Dr. Obaisi stated he communicated with Plaintiff on the three dates he provided medical treatment to Plaintiff and added that "[i]nvestigation continues." This response is inadequate. Please supplement the answer to this Interrogatory or confirm that Dr. Obaisi is not aware of any communications other than the medical records dated May 14, 2014, August 19, 2014, and January 28, 2015.

*Interrogatory No. 6.* This request asked Dr. Obaisi to identify all communications relating to Plaintiff. In response to this request, Dr. Obaisi stated "[n]one known at this time" other than those listed in Dr. Obaisi's response to Interrogatory No. 5. In his response to Document Request No 7, Dr. Obaisi stated he was aware of communications contained in Plaintiff's "master file." Please identify or describe what communications are contained in Plaintiff's "master file."

*Atlanta    Chicago    Cincinnati    Cleveland    Columbus    Costa Mesa    Denver*
*Houston    Los Angeles    New York    Orlando    Philadelphia    Seattle    Washington, DC*

Todd R. Burgett
Cassiday Schade LLP
June 30, 2016
Page 2

  ***Interrogatory No. 8.*** This request asked Dr. Obaisi to identify "all bases for [Dr. Obaisi's] failure to take any step identified in response to Interrogatory [7] in treating Plaintiff for the injuries alleged in the Complaint. Dr. Obaisi answered "none known." This response is inadequate because it is not a substantive response to a request for the bases for Dr. Obaisi's failure to provide the standard course of treatment to Plaintiff.

  ***Document Request Nos. 2-6.*** These requests sought documents relating to Dr. Obaisi's treatment of Plaintiff, policies or procedures relating to standard courses of treatment and procedures for examining or treating a patient who has experienced a fall, and all documents supporting Dr. Obaisi's claim that the treatment he provided to Plaintiff was adequate. Dr. Obaisi responds that he does not have any documents responsive to these requests within his possession or control. We understand Dr. Obaisi's response to mean that Dr. Obaisi does not have possession, custody or control over policies and procedures relating to standard courses of treatment for examining or treating a patient who has experienced a fall or relating to Dr. Obaisi's treatment of Plaintiff. Please confirm this understanding or produce the documents.

  ***Document Request No. 9.*** This request sought documents relating to Plaintiff or the allegations in the Complaint. Dr. Obaisi responds that he is unaware of any documents responsive to this request. Please identify all steps Dr. Obaisi has taken to respond to this request. Dr. Obaisi stated in response to Interrogatory No. 7 that he was aware of communications regarding Plaintiff in Plaintiff's medical records and "master file." Please produce all documents responsive to this request.

  ***Document Request No. 11.*** This request sought documents sufficient to show the dates and times during which Dr. Obaisi was working at Stateville. Dr. Obaisi objected on the basis that the request was overly broad. The dates and times Dr. Obaisi was working at Stateville are directly relevant to whether Dr. Obaisi was the doctor with the responsibility for treating Plaintiff's injuries. To address Dr. Obaisi's objection that the request is "overly broad," Plaintiff proposes narrowing Dr. Obaisi's response to documents within the period from January 2014 to the present. Please produce all documents responsive to this request.

### Dr. Brooks's Discovery Responses

  ***Interrogatory No. 7.*** This request asked Dr. Brooks to identify all communications relating to Plaintiff. In response to this request, Dr. Brooks stated "[n]one known at this time" other than the communications identified in Dr Brooks's response to Interrogatory No. 6. However, Dr. Brooks stated in response to

Todd R. Burgett
Cassiday Schade LLP
June 30, 2016
Page 3

Interrogatory No. 15 that Dr. Brooks could access "additional records" regarding Plaintiff. Please supplement the answer to this Interrogatory.

**Interrogatory No. 10.** This request asked Dr. Brooks to identify the factors Dr. Brooks considers when he determines whether or not to prescribe a patient a liquid diet. Dr. Brooks stated in response that "Stateville offers several 'therapeutic diets,' each of which is appropriate for accommodating the dental needs of inmates." This response fails to identify what factors Dr. Brooks considers in determining whether or not to prescribe a patient a liquid diet. Please supplement the answer to this Interrogatory.

**Document Request Nos. 2-6.** These requests sought documents relating to Dr. Brooks's treatment of Plaintiff, policies or procedures relating to standard courses of treatment and procedures for examining or treating a patient for a broken tooth or teeth, and all documents supporting Dr. Brooks's claim that the treatment he provided to Plaintiff was adequate. Dr. Brooks responds that he does not have any documents responsive to these requests within his possession or control. We understand Dr. Obaisi's response to mean that Dr. Obaisi does not have possession, custody or control over policies and procedures relating to standard courses of treatment for examining or treating a patient who has experienced a fall. Please confirm this understanding or produce the documents.

**Document Request No. 9.** This request sought documents relating to Plaintiff or the allegations in the Complaint. Dr. Brooks responds that he is unaware of any documents responsive to this request. Dr. Brooks stated in response to Interrogatory No. 7 that he was aware of communications regarding Plaintiff in Plaintiff's medical records and "master file." Please produce these communications or confirm they are not in Dr. Brooks's possession, custody, or control.

**Document Request No. 11.** This request sought documents sufficient to show the dates and times during which Dr. Brooks was working at Stateville. Dr. Brooks objected on the basis that the request was overly broad. The dates and times Dr. Brooks was working at Stateville are directly relevant to whether Dr. Brooks was the doctor with the responsibility for treating Plaintiff's injuries. To address Dr. Brooks's objection that the request is "overly broad," Plaintiff proposes narrowing Dr. Brooks's response to documents within the period from January 2014 to the present. Please produce the documents responsive to this request.

**Objections.** Defendants objected to many of Plaintiff's interrogatories and document requests. Please confirm whether Defendants are withholding any documents

Todd R. Burgett
Cassiday Schade LLP
June 30, 2016
Page 4

or information based on those objections and, if so, identify the documents or information being withheld.

**Document References.** Several of Defendants' interrogatory responses reference bates-stamped documents. These references appear to relate to documents produced by Wexford in *Crawford v. Ann Davis-Huntley*, No. 14 cv 6211, since Defendants have not produced documents in this case. Please produce these documents separately in this case with their own Bates numbers.

**Insurance Agreement.** You have previously represented that you would produce a copy of Wexford's insurance agreement for coverage related to this case. Please produce this agreement.

Please supplement Defendants' discovery responses by Monday July 18, 2016. In the meantime, please contact me if you have any questions or would like to discuss.

Very truly yours,

Josephine Tung

# Exhibit B

| | |
|---|---|
| **From:** | Burgett, Todd R. |
| **To:** | Tung, Josephine |
| **Cc:** | Friebus, David M. |
| **Subject:** | RE: Crawford v. Rabideau No. 15 C 1597 |
| **Date:** | Monday, July 25, 2016 3:28:49 PM |

Josephine,

This responds to your July 6, 2016 correspondence regarding Defendants' discovery responses in this matter. Note that the letter attached has a June 30, 2016 date, but we did not receive it until July 6, 2016. As mentioned to you on the day of Ms. Williams deposition, I apologize for the delay in responding.

Interrogatories 5 and 6. Dr. Obaisi answered these interrogatories, in part, upon information and belief. It is possible that at some point during the course of this matter, perhaps during his deposition or at trial, that his memory will be refreshed. Accordingly, he cannot now confirm that he was not aware of any additional communications between he and Mr. Crawford, nor can he confirm that he was not aware of any additional communications about Mr. Crawford. Regarding the reference to the Master File in Response to Doc. Request 7, that response is not properly viewed as Dr. Obaisi's "statement." Responses to document requests are unsworn discovery documents that may be answered by a party's attorney. Thus, with assistance of counsel, Dr. Obaisi is aware that the master file contains grievances, and numerous other documents that may be viewed as communications.

Interrogatory 8. Dr. Obaisi is not aware of having failed to take any step identified in his answer to Interrogatory 7, which was a very basic description of the steps he takes when encountering a patient like Mr. Crawford. We suppose it is possible that another medical provider could find fault with Dr. Obaisi's treatment, including the criticism that the doctor failed to take a step identified in his Answer to Interrogatory 7. However, Dr. Obaisi does not know that he failed to take any step in treating Plaintiff's injuries, though he believes his treatment was appropriate. If you prefer, we can amend this Answer as follows: "upon information and belief, none."

Dr. Request No. 2-6. We have addressed this issue before. Wexford's policies and procedures are available for Dr. Obaisi's review, when needed, but he is not personally in possession, custody or control of Wexford's policy and procedure manuals.

Document Request no. 9. Dr. Obaisi, through his attorneys, has reviewed Plaintiff's medical records, issued discovery requests to Plaintiff, taken plaintiff's deposition, and he will soon re-issue a subpoena to the IDOC for copies of Plaintiff's Master File.

Document Request No. 11. Dr. Obaisi will request information from his employer showing his attendance from January 2014 to the present.

Dr. Brook's Discovery Responses

Interrogatory 7: The "additional records" Dr. Brooks was referring to in his answer to Interrogatory 15 were contained in Plaintiff's medical records, which were obtained by subpoena with notice to all parties.

Interrogatory 10: I have attempted to contact Dr. Brooks to ask about whether he can

supplement his response. I understand your objection to our original response and will ask him to provide a supplemental Answer.

Document Request Nos 2-6: Your letter references Dr. Obaisi, but assuming you meant to say Dr.Brooks: We have addressed this issue before. Wexford's policies and procedures are available for Dr. Brooks' review, when needed, but he is not personally in possession, custody or control of Wexford's policies and procedure manuals.

Document Request No. 9: Regarding the reference to the Master File in Response to Doc. Request 7 (we assume you meant RFP No. 7, not Rog No. 7), that response is not properly viewed as Dr. Brook's "statement." Responses to document requests are unsworn discovery documents that may be answered by a party's attorney. Thus, with assistance of counsel, Dr. Brooks is aware that the master file contains grievances, and numerous other documents that may be viewed as communications.

Document Request 11. Dr. Brooks will request information from his employer showing his attendance from January 2014 to the present.

Objections – We are not withholding anything based upon the objections.

Document References. OK.

Insurance Agreement. Produced.

Thanks.

Todd

**Todd Burgett** | Attorney
Cassiday Schade LLP | Phone: 312.739.3203 | Fax: 312.444.1669
20 N. Wacker Drive, Suite 1000, Chicago IL 60606 | www.cassiday.com



Illinois | Indiana | Wisconsin

**From:** Tung, Josephine [mailto:jtung@bakerlaw.com]
**Sent:** Wednesday, July 06, 2016 8:30 AM
**To:** Burgett, Todd R.
**Cc:** Friebus, David M.
**Subject:** Crawford v. Rabideau No. 15 C 1597

Todd,

I apologize for the delay in sending this, but the attached letter was sent to you by US Mail last Thursday.

Best,

**Josephine Tung**
Associate

**BakerHostetler**

191 N Wacker Dr | Suite 3100
Chicago, IL 60606-1901
T 312.416.6280

jtung@bakerlaw.com
bakerlaw.com



**BakerHostetler**
EXPERIENCE THE COMFLAW

This email is intended only for the use of the party to which it is
addressed and may contain information that is privileged,
confidential, or protected by law. If you are not the intended
recipient you are hereby notified that any dissemination, copying
or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately
by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content
of this email is limited to the matters specifically addressed herein
and may not contain a full description of all relevant facts or a
complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted, lost,
destroyed, arrive late or incomplete, or contain viruses. Therefore,
we do not accept responsibility for any errors or omissions that are
present in this email, or any attachment, that have arisen as a result
of e-mail transmission.

CONFIDENTIALITY NOTICE: This electronic message is intended to be viewed only by the
individual or entity to whom it is addressed. It may contain information that is privileged,
confidential and exempt from disclosure under applicable law. Any dissemination,
distribution or copying of this communication is strictly prohibited without our prior
permission. If the reader of this message is not the intended recipient, or the employee or
agent responsible for delivering the message to the intended recipient, or if you have received
this communication in error, please notify us immediately by return e-mail and delete the
original message and any copies of it from your computer system. For further information
about Cassiday Schade LLP, please see our website at www.cassiday.com or refer to any of
our offices. Thank you.

# Exhibit C

39950/01245/MHW/TRB

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

DEANDRE CRAWFORD,

        Plaintiff,

v.

KAREN RABIDEAU, et al.,

        Defendant.

NO. 15-cv-1597

Honorable Edmond E. Chang

Magistrate Jeffery T. Gilbert

### ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant, **SALEH OBAISI, M.D.**, by his attorneys, **CASSIDAY SCHADE LLP**, states

the following Answers to Plaintiff's, **DEANDRE CRAWFORD**, First Set of Interrogatories:

1. Identify all persons answering, who assisted in answering, or who provided

information used in answering these interrogatories and, for each person identified, identify the

substance of the information provided.

**ANSWER:** **Dr. Obaisi objects to Interrogatory 1: (1) to the extent that it seeks information protected from disclosure by the attorney-client privilege; (2) because it is vague in its use of the terms "assisted" and "provided." Answering subject to the objection, Saleh Obaisi, M.D. answered these Interrogatories with the assistance of his attorneys.**

2. List the names and addresses of all persons who have knowledge of the facts

alleged in the Complaint, the Answer, including Your affirmative defenses and, for each person

identified, provide a short description of the knowledge held by such person.

**ANSWER:** **Dr. Obaisi lacks knowledge or information sufficient to identify all persons who have knowledge of the facts alleged in the Complaint. However, Dr. Obaisi has identified individuals whom he believes have discoverable information in his initial disclosures. Upon information and belief, Plaintiff's medical records may also identify individuals with knowledge of the facts alleged in his Complaint. At this time, Dr. Obaisi is still investigating this matter, and he will supplement his witness disclosures in accordance with the Federal Rules of Civil Procedure and this Court's orders.**

3.      State whether You have any knowledge of Plaintiffs complaints, pain, or medical

issues or conditions related to injuries he suffered in May 2014 and, if so, describe such

knowledge including the source of that knowledge.

**ANSWER:**      **Dr. Obaisi objects to Interrogatory 3 because it is vague in its reference to "injuries suffered in May 2014." Dr. Obaisi lacks sufficient knowledge or information about the "injuries" Plaintiff may have suffered in May 2014 to reasonably investigate and respond to this Interrogatory. However, preliminarily, Dr. Obaisi can identify several medical records from May 2014 indicating Plaintiff was evaluated and treated by Stateville medical personnel. See Bates 67-73.**

4.      Identify all medical treatment You provided to Plaintiff, including the dates of

such treatment.

**ANSWER:**      **Dr. Obaisi objects to Interrogatory 4 because it seeks information that is neither relevant nor reasonably calculated to lead to the production of admissible evidence. Plaintiff has been in the custody of the Illinois Department of Corrections ("IDOC") since July 2012, and he has been evaluated and treated on numerous occasions before the occurrence alleged in the Amended Complaint. Based upon those allegations, Dr. Obaisi's treatment of Plaintiff before May 14, 2014 is not relevant to this matter, and it will not lead to the production of admissible evidence. Dr. Obaisi further objects to Interrogatory 4 because it is vague in its use of the term "treatment." In the context of Interrogatory 4, Dr. Obaisi understands the term "treatment" to refer to dates on which Plaintiff presented to Dr. Obaisi complaining of symptoms possibly connected with the injuries alleged in the Amended Complaint. Answering subject to the objections, Dr. Obaisi identifies the following treatment dates and records: May 14, 2014, August 19, 2014, and January 28, 2015. Bates 72, 84, 97.**

5.      Identify all communications between You and Plaintiff.

**ANSWER:**      **Dr. Obaisi objects to Interrogatory 5 because it is overly broad in scope and, consequently, unduly burdensome. Plaintiff has been in the custody of the IDOC since July 2012, and he has been evaluated and treated on numerous occasions before and after the occurrence alleged in the Amended Complaint, and at this time Dr. Obaisi does not have a present recollection of any communication he may have had with Plaintiff. Dr. Obaisi further objects to Interrogatory 5 because it is vague in its use of the term "communications." Answering subject to the objection, none known at this time. Answering further upon information and belief, Dr. Obaisi communicated with Plaintiff during his appointments on May 14, 2014,**

August 19, 2014, and January 28, 2015. Investigation continues. Bates 72, 84, 97.

6.    Identify all communications relating to Plaintiff.

**ANSWER:**    **None known at this time other than those communications identified in Dr. Obaisi's Answer to Interrogatory 5.**

7.    Identify the standard course of treatment for a patient that fell and hit his head and/or shoulder.

**ANSWER:**    **Dr. Obaisi objects to interrogatory 7 because: (1) it is vague in its reference to a "standard course of treatment for a patient that fell and hit his head;" and (2) the hypothetical posed by Interrogatory 7 is irreparably incomplete. Dr. Obaisi does not recognize a "standard course of treatment" for injuries to the head and shoulder secondary to falls. Dr. Obaisi's treatment of such a patient would vary widely depending on the height of the fall, the specific location of the injury, the activity the individual was engaged in at the time of the fall, and the specific manner in which the patient landed. Other factors such as the patient's weight, and significant medical history would also affect the patient's injury and possible course of treatment. Finally, Dr. Obaisi's course of treatment would vary based upon his direct interaction and assessment of the patient in question and the patient's unique responses to evaluative and treatment modalities.**

**Accordingly, Dr. Obaisi can only answer this interrogatory subject to the objections and in general terms: Generally speaking, upon presentation Dr. Obaisi would assess the patient for any acute injury to the head or shoulder to determine whether the patient is in need of emergency medical attention. If a patient needed emergency medical attention, Dr. Obaisi would contact emergency medical services to have the patient transported to a hospital for treatment. If Dr. Obaisi, in his professional judgment, determined he could treat the patient, he would first obtain information from the patient about the history of his injury and relevant prior medical history. He would then physically examine the patient's head and shoulder and record his pertinent findings in the patient's medical record. Depending on the patient's injury Dr. Obaisi would provide treatment, recommend a treatment plan, and provide follow-up care as needed.**

3

8.    Identify all bases for Your failure to take any step identified in response to Interrogatory 8 in treating Plaintiff for the injuries alleged in the Complaint.

ANSWER:    Dr. Obaisi objects to interrogatory 8 because it is derivative of Interrogatory 7, which is vague and lacking in detail. Accordingly, Dr. Obaisi incorporates his objections to Interrogatory 7 as his objections to Interrogatory 8. Dr. Obaisi further objects to Interrogatory 8 because: (1) it is vague in its use of the term "failure," in its reference to "any step identified," and in its reference to "the injuries alleged in the Complaint;" and (2) it seeks information that is neither relevant, nor reasonably calculated to lead to the production of admissible evidence. Dr. Obaisi encounters a wide variety of patients presenting with an equally wide variety of medical conditions and complaints, and his treatment decisions vary depending upon the individual needs of the patient. Accordingly, Dr. Obaisi's decision to use or not use a specific assessment or treatment modality is not accurately described as a failure. Finally, Plaintiff's complaint only vaguely alleges that he injured "his head, shoulder, and mouth and [broke] one tooth at the root." Dr. Obaisi is not a dentist, so he cannot discuss the treatment of Plaintiff's alleged injury to his tooth. Answering subject to the objections, none known.

9.    Identify all bases for and facts supporting Your denial of Paragraph 22 of the Complaint.

ANSWER:    Interrogatory 9 is a contention interrogatory, and Dr. Obaisi objects to Interrogatory 9 as premature. Because the parties have only begun discovery in this matter, Dr. Obaisi cannot Answer Interrogatory 9 in full at this time, and he reserves the right to ask this Court in its discretion to postpone a response to Plaintiff's contention interrogatories until discovery is closer to completion. Dr. Obaisi also objects to Interrogatory 9 to the extent that it will be cumulative of other evidence in this case at the time discovery is closed.

Answering subject to the objections, Dr. Obaisi denied Paragraph 22 of the Amended Complaint because he provided medical treatment to Plaintiff based upon his training and experience as a medical doctor. Further, Dr. Obaisi does not recognize any fact alleged in Paragraph 22 that indicates his treatment deviated from any recognized standard of medical care. Finally, the facts alleged in Paragraph 22 do not indicate Plaintiff was suffering from an objectively serious injury or that he faced a serious risk of harm connected with the allegedly "unusual drainage" coming from his's nose. In fact, on May 16, 2014 Plaintiff presented to a nurse with no complaints of pain, but only of itching to his inner thigh. *See Bates 70.* Plaintiff also

4

**showed no signs or symptoms of acute distress during that appointment, though it took place only two days after Plaintiff's alleged fall. *See Bates 70.***

10.     Identify all bases for and facts supporting Your denial of Paragraph 25 of the Complaint.

**ANSWER:**     **Interrogatory 10 is a contention interrogatory, and Dr Obaisi Objects to Interrogatory 10 as premature. Because the parties have only begun discovery in this matter, and Dr. Obaisi's understanding of Plaintiff's alleged injuries is based upon the vague allegations in the Amended Complaint, Dr. Obaisi cannot Answer Interrogatory 10 in full at this time, and he reserves the right to ask this Court in its discretion to postpone a response to Plaintiff's contention interrogatories until discovery is closer to completion. Dr. Obaisi also objects to Interrogatory 10 to the extent that it will be cumulative of other evidence in this case at the time discovery is closed. Answering subject to the objections, Dr. Obaisi denied Paragraph 25 because Plaintiff's medical records indicate that Dr. Mitchell ordered Plaintiff a therapeutic diet on May 14, 2014. In fact, on May 16, 2014 Plaintiff presented to a nurse with no complaints of pain, but only of itching to his inner thigh. *See Bates 70.* Plaintiff also showed no signs or symptoms of acute distress during that appointment, though it took place only two days after Plaintiff's alleged fall. *See Bates 70.***

11.     Identify all bases for and facts supporting Your denial of Paragraph 26 of the Complaint.

**ANSWER:**     **Interrogatory 11 is a contention interrogatory and Dr Obaisi Objects to Interrogatory 11 as premature. Because the parties have only begun with discovery in this matter, and Dr. Obaisi's understanding of Plaintiff's alleged injuries is based upon the vague allegations in the Amended Complaint, Dr. Obaisi cannot Answer Interrogatory 11 in full at this time, and he reserves the right to ask this Court in its discretion to postpone a response to Plaintiff's contention interrogatories until discovery is closer to completion. Dr. Obaisi also objects to Interrogatory 11 to the extent that it will be cumulative of other evidence in this case at the time discovery is closed.**

**Answering subject to the objections, Dr. Obaisi denied Paragraph 11 because he is not aware of any facts suggesting that Plaintiff could not eat the therapeutic diet prescribed by Dr Mitchell on May 14, 2014, nor is Dr. Obaisi aware of any facts suggesting that Plaintiff threw up when he took his medicine. In fact, on May 16, 2014 Plaintiff presented to a nurse with no complaints of pain, but only of itching to his inner thigh. *See Bates 70.* Plaintiff also showed no signs or symptoms of acute distress during that appointment, though it took place only two days after Plaintiff's alleged fall. *See Bates 70.***

12.      Identify all bases for and facts supporting Your denial of Paragraph 28 of the

Complaint.

**ANSWER:**      **Interrogatory 12 is a contention interrogatory and Dr Obaisi Objects to Interrogatory 12 as premature. Because the parties have only begun with discovery in this matter, and Dr. Obaisi's understanding of Plaintiff's alleged injuries is based upon the vague allegations in the Amended Complaint, Dr. Obaisi cannot Answer Interrogatory 12 in full at this time, and he reserves the right to ask this Court in its discretion to postpone a response to Plaintiff's contention interrogatories until discovery is closer to completion. Dr. Obaisi also objects to Interrogatory 12 to the extent that it will be cumulative of other evidence in this case at the time discovery is closed.**

   **Answering subject to the objections, Dr. Obaisi denied Paragraph 28 because Plaintiff received adequate medical care on the date of his alleged fall. When Plaintiff followed up just two days later on May 16, 2014, he complained only of itching to his inner thigh. *See Bates 70.* Plaintiff also showed no signs or symptoms of acute distress during that appointment, and Dr. Obaisi is not presently aware of a time when Plaintiff complained of the symptoms alleged in Paragraph 28. *See Bates 70.***

13.      Identify all bases for and facts supporting Your denial of Paragraph 29 of the

Complaint.

**ANSWER:**      **Interrogatory 13 is a contention interrogatory and Dr Obaisi Objects to Interrogatory 13 as premature. Because the parties have only begun with discovery in this matter, and Dr. Obaisi's understanding of Plaintiff's alleged injuries is based upon the vague allegations in the Amended Complaint, Dr. Obaisi cannot Answer Interrogatory 13 in full at this time, and he reserves the right to ask this Court in its discretion to postpone a response to Plaintiff's contention interrogatories until discovery is closer to completion. Dr. Obaisi also objects to Interrogatory 13 to the extent that it will be cumulative of other evidence in this case at the time discovery is closed. Dr. Obaisi further objects to Interrogatory 13 because Paragraph 29 only vaguely alleges that Plaintiff had "ongoing pain" and describes Plaintiff as being in "obvious need for medical treatment" without even describing his "obvious" injury or condition or characterizing his alleged pain as minimal or severe.**

   **Answering subject to the objections, based upon Dr. Obaisi's reasonable investigation into this matter, Plaintiff suffered only minor injuries that were treated appropriately by Stateville medical and dental personnel. Further, Plaintiff's medical records following the alleged fall show that he complained only periodically of diffuse minor symptoms he associated with the alleged occurrence. However, on May 16, 2014 Plaintiff presented to a nurse with no**

6

complaints of pain, but only of itching to his inner thigh. *See Bates 70.* **Plaintiff also showed no signs or symptoms of acute distress during that appointment, though it took place only two days after Plaintiff's alleged fall.** *See Bates 70.*

14.     Identify all records relating to Plaintiff to which You had access in preparation for or during your treatment of him.

**ANSWER:**     **Dr. Obaisi had access to Plaintiff's medical "chart," which contains records of a patient's visits with medical personnel, diagnostic testing, and consults. Depending on the length of a given inmates incarceration and the number of times that inmate sought medical care, the chart may or may not contain all of that inmate's medical records. Dr. Obaisi could also access additional records, not included in the chart, through Stateville's medical records department.**

15.     Identify all bases on which You claim that your treatment of Plaintiff was sufficient or adequate, specifically including all bases for Your answer to Paragraph 53 of the Complaint.

**ANSWER:**     **Dr. Obaisi objects to Interrogatory 15 because it is compound in nature and, consequently, overly broad and unduly burdensome. The first clause of Interrogatory 15 asks about Dr. Obaisi's treatment of Plaintiff, but does not identify a date, time, or even describe the alleged injury or injuries Dr. Obaisi may have treated. Plaintiff has been in the custody of the Illinois Department of Corrections ("IDOC") since July 2012, and he has been evaluated and treated on numerous occasions before and after the occurrence alleged in the Amended Complaint. Based upon the allegations of the Amended Complaint, Dr. Obaisi's treatment of Plaintiff before May 14, 2014 is not relevant to this matter, and it will not lead to the production of admissible evidence.**

**The second clause of Interrogatory 15 is a contention interrogatory, and Dr Obaisi Objects to Interrogatory 15 as premature. Because the parties have only begun with discovery in this matter, and Dr. Obaisi's understanding of Plaintiff's alleged injuries is based upon the vague allegations in the Amended Complaint, Dr. Obaisi cannot Answer Interrogatory 15 in full at this time, and he reserves the right to ask this Court in its discretion to postpone a response to Plaintiff's contention interrogatories until discovery is closer to completion. Dr. Obaisi also objects to Interrogatory 15 to the extent**

7

that it will be cumulative of other evidence in this case at the time discovery is closed.

Answering subject to the objections and based upon Dr. Obaisi's understanding of Plaintiff's visits with medical personnel following the alleged occurrence, Dr. Obaisi admitted that he had some knowledge of Plaintiff's medical needs because he provided medical treatment to Plaintiff, including the dates of treatment identified in his Answer to Interrogatory 4. Further, Dr. Obaisi denied that Plaintiff accurately characterized his medical needs because the vague facts alleged in Plaintiff's Amended Complaint do not indicate that Plaintiff suffered from an objectively serious injury or faced a serious risk of harm connected with the alleged occurrence.

16.     Identify all bases for and facts supporting Your denial of Paragraph 55 of the Complaint.

ANSWER:     Interrogatory 16 is a contention interrogatory and Dr Obaisi Objects to Interrogatory 16 as premature. Because the parties have only begun with discovery in this matter, and Dr. Obaisi's understanding of Plaintiff's alleged injuries is based upon the vague allegations in the Amended Complaint, Dr. Obaisi cannot Answer Interrogatory 16 in full at this time, and he reserves the right to ask this Court in its discretion to postpone a response to Plaintiff's contention interrogatories until discovery is closer to completion. Dr. Obaisi also objects to Interrogatory 16 to the extent that it will be cumulative of other evidence in this case at the time discovery is closed.

Answering subject to the objection, Dr. Obaisi denied Paragraph 55 because it alleged a legal conclusion associated with Plaintiff's legal theory that Dr. Obaisi acted with deliberate indifference. Dr. Obaisi does not have an obligation to Answer conclusory allegations like Paragraph 55. Even if Dr. Obaisi was compelled to Answer Paragraph 55, he is not an attorney, so any answer the doctor could have provided to Paragraph 55 would have the effect of a denial.

Matthew H. Weller, Esq./ARDC No. 6278685
Todd R. Burgett, Esq./ARDC No. 6302976
CASSIDAY SCHADE LLP
20 North Wacker Drive, Suite 1000
Chicago, IL 60606
(312) 641-3100
(312) 444-1669 (Fax)
mweller@cassiday.com
tburgett@cassiday.com

Respectfully submitted,

KENNETH BROOKS, M.D. and SALEH OBAISI, M.D.

By: /s Todd R. Burgett          .

One of Their Attorneys

8

## DECLARATION

I, **SALEH OBAISI, M.D.**, state under penalties as imposed by law that I have read the above and foregoing **ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** and that the information contained therein is true and accurate to the best of my knowledge and belief. I certify that the statements set forth herein are true and correct, except as to matters therein stated to be on information and belief and as to such matters I certify as aforesaid that I verily believe the same to be true.

_____
**SALEH OBAISI, M.D.**

8189791 TBURGETT;CLUKA

9

39950/01245/MHW/TRB

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

DEANDRE CRAWFORD,

               Plaintiff,

v.

KAREN RABIDEAU, et al.,

               Defendants.

NO.   15-cv-1597

Honorable Edmond E. Chang

## RESPONSES TO PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS

Defendant, **SALEH OBAISI, M.D.**, by his attorneys, **CASSIDAY SCHADE, LLP**, states

the following Responses to Plaintiff's, **DEANDRE CRAWFORD**, Document Requests:

      1.     All documents referred to or relied upon in responding to Plaintiff's First Set of Interrogatories to Dr. Obaisi.

**RESPONSE: None other than those documents identified in Dr. Obaisi's Answers to Plaintiff's First Set of Interrogatories.**

      2.     All documents relating to Your treatment of Plaintiff.

**RESPONSE: None within Dr. Obaisi's possession or control.**

      3.     All Policies that determined or in any way affected Your treatment of Plaintiff.

**RESPONSE: None within Dr. Obaisi's possession or control.**

      4.     All documents relating to Your claim that the treatment You provided to Plaintiff was adequate.

**RESPONSE: None within Dr. Obaisi's possession or control.**

      5.     All documents that identify the standard course of treatment for a patient that fell and hit his head and/or shoulder.

**RESPONSE: Dr. Obaisi objects to Request 5 because it is vague in its reference to "documents that identify the standard course of treatment." Dr. Obaisi assumes Plaintiff is referring to Plaintiff's medical records. However, as explained in Dr. Obaisi's Answer to Interrogatory 7, Dr. Obaisi does not recognize a standard course of treatment for patients that fall and hit their**

head and/or shoulder. **Accordingly, Dr. Obaisi responds as follows to Request 5 subject to the objection: None within Dr. Obaisi's possession or control.**

6.      All documents that identify steps or procedures for examining or treating a patient at Stateville who has fallen and hit his head and/or shoulder.

**RESPONSE: Dr. Obaisi objects to Request 5 because it is vague in its reference to"steps or procedures for examining or treating a patient at Stateville who has fallen and hit his head and/or shoulder." Responding subject to the objection: None within Dr. Obaisi's possession or control.**

7.      All communications regarding Plaintiff.

**RESPONSE: None known other than the communications contained in Plaintiff's medical records and "master file," which are in the possession and control of the Illinois Department of Corrections.**

8.      All communications between You and Plaintiff.

**RESPONSE: None known other than the communications contained in Plaintiff's medical records, which are in the possession and control of the Illinois Department of Corrections.**

9.      All documents relating to Plaintiff or the allegations in the Complaint.

**RESPONSE: Dr. Obaisi objects to Interrogatory 9 because it is overly broad and unduly burdensome. However, Dr. Obaisi has performed a reasonable investigation for documents relating to Plaintiff's allegations, and he will continue to investigate this matter as discovery proceeds. At this time, Dr. Obaisi is not aware of any documents that would be responsive to this request.**

10.      Your personnel file.

**RESPONSE: Dr. Obaisi will obtain a copy of his personnel file from Wexford upon entry of an appropriate protective order covering its contents.**

11.      Documents sufficient to show the dates and times during which You were working at Stateville.

**RESPONSE: Dr. Obaisi objects to Request 11 because it is overly broad in scope, and consequently it seeks documents that are neither relevant nor reasonably calculated to lead to the production of admissible evidence.**

     12.     Documents sufficient to show Your educational and professional history, such as a resume or curriculum vitae.

**RESPONSE: Dr. Obaisi does not have a resume.  However, he can testify about his educational and professional history at the time of his deposition, or he is willing to respond to a supplemental interrogatory requesting this information.**

     13.     Documents sufficient to show all professional certifications or qualifications You hold.

**RESPONSE: See Dr. Obaisi's Response to Request 12.**

     14.     All other documents not produced in response to the previous requests that may be used by You in support or defense of any claim or allegation in this Action.

**RESPONSE: None known at this time.**

     15.     All other documents not produced in response to the previous requests relating to any allegation in the Complaint, Answers, or Affirmative Defenses.

**RESPONSE: None known at this time.**

                   **Respectfully submitted,**

                   **SALEH OBAISI, M.D.**

                   **By:    s/Todd R. Burgett**

**Matthew H. Weller, Esq./ARDC No. 6278685**
**Todd R. Burgett, Esq./ARDC No. 6302796**
**CASSIDAY SCHADE LLP**
**20 North Wacker Drive**
**Suite 1000**
**Chicago, Illinois  60606**
**(312) 641-3100**
**(312) 444-1669 (Fax)**
8189897

3

39950/01245/MHW/TRB

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

DEANDRE CRAWFORD,

        Plaintiff,

v.

KAREN RABIDEAU, et al.,

        Defendant.

NO.   15-cv-1597

Honorable Edmund Chang

## ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

**NOW COMES** Defendant, **KENNETH BROOKS, D.D.S.** by and through his attorneys,

**CASSIDAY SCHADE LLP**, and as and for his Answers to Interrogatories propounded by the

Plaintiff, **DEANDRE CRAWFORD**, states as follows:

1.     Identify all persons answering, who assisted in answering, or who provided

information used in answering these interrogatories and, for each person identified, identify the

substance of the information provided.

**ANSWER:**    **Dr. Brooks objects to Interrogatory 1: (1) to the extent that it seeks information protected from disclosure by the attorney-client privilege; and (2) because it is vague in its use of the terms "assisted" and "provided."**

                **Answering subject to the objection, Kenneth Brooks, DDS answered these Interrogatories with the assistance of his attorneys.**

2.     List the names and addresses of all persons who have knowledge of the facts

alleged in the Complaint, the Answer, including Your affirmative defenses and, for each person

identified, provide a short description of the knowledge held by such person.

**ANSWER:**    **Dr. Brooks lacks knowledge or information sufficient to identify all persons who have knowledge of the facts alleged in the Complaint. However, Dr. Brooks has identified individuals whom he believes have discoverable information in his initial disclosures. Upon information and belief, Plaintiff's**

medical records may also identify individuals with knowledge of the facts alleged in his Complaint. At this time, Dr. Brooks is still investigating this matter, and he will supplement his witness disclosures in accordance with the Federal Rules of Civil Procedure and this Court's orders.

3.    State whether You have any knowledge of Plaintiff's complaints, pain, or dental issues or conditions related to any broken teeth and, if so, describe such knowledge including the source of that knowledge.

**ANSWER:**    Dr. Brooks objects to Interrogatory 3 because it is vague in its reference to "injuries suffered in May 2014." Dr. Brooks lacks sufficient knowledge or information about the "injuries" Plaintiff may have suffered in May 2014 to reasonably investigate and respond to this Interrogatory.

Preliminarily, on May 14, 2014, Plaintiff presented to Dr. Brooks for treatment of a fractured #9, left maxillary central incisor, and a traumatized #10, left maxillary lateral incisor. Plaintiff reported that he injured himself when he fell from the top bunk of the bunk bed in his cell. See Bates 111-12.

4.    Identify all dental treatment You provided to Plaintiff, including the dates of such treatment.

**ANSWER:**    Dr. Brooks objects to Interrogatory 4 because it seeks information that is neither relevant nor reasonably calculated to lead to the production of admissible evidence. Plaintiff has been in the custody of the Illinois Department of Corrections ("IDOC") since July 2012, and he has been evaluated and treated on numerous occasions before and after the occurrence alleged in the Amended Complaint. Based upon those allegations, Dr. Brooks' treatment of Plaintiff before May 14, 2014 is not relevant to this matter, and it will not lead to the production of admissible evidence. Dr. Brooks further objects to Interrogatory 4 because it is vague in its reference to "all dental treatment."

Answering subject to the objections and assuming "all dental treatment" references treatment Dr. Brooks provided in connection with the alleged May 14, 2014 fall: Plaintiff presented to Dr. Brooks for emergency treatment on May 14, 2014. At that time Plaintiff reported that he injured himself when he fell from the top of the bunkbed in his cell. Upon examination, Dr. Brooks noted that Plaintiff had a fractured #9, left maxillary central incisor, and a traumatized #10, left maxillary lateral incisor. The crown of the #9 tooth was fractured, but not to the root. After anesthetizing the area, Dr. Brooks applied Lime-Lite, a base material that hardens to protect the tooth's pulp and to stimulate dentin formation. Because there is a high risk of pulp infection after a tooth's pulp is exposed to the oral environment, Dr. Brooks

2

scheduled Plaintiff for a follow up treatment to evaluate Plaintiff for infection and determine whether Plaintiff required a root canal. Dr. Brooks also prescribed Plaintiff 30 tablets of 400 milligram Motrin and penicillin to address Plaintiff's pain and prevent infection. Dr. Brooks noted Plaintiff's follow up treatment was scheduled for May 16, 2014. Based upon the medical records available at the time he answered Interrogatory 4, Dr. Brooks believes that his only treatment of Plaintiff in connection with the alleged injury occurred on May 14, 2014.

5.   Identify all dates on which Plaintiff was scheduled to receive dental treatment, but

did not receive dental treatment and the reason for the lack of treatment.

ANSWER:   Dr. Brooks objects to Interrogatory 5 because it is overly broad in scope and, consequently, unduly burdensome. Plaintiff has been in the custody of the IDOC since July 2012, and he has been evaluated and treated on numerous occasions before and after the occurrence alleged in the Amended Complaint. Dr. Brooks further objects to Interrogatory 5 because it is vague in its use of the term "dental treatment." The term is not sufficiently defined to allow Dr. Brooks to identify the procedure, evaluation, or condition treated. Dr. Brooks further objects to Interrogatory 5 because: (1) it seeks information that is neither relevant, nor reasonably calculated to lead to the production of admissible evidence; and (2) it is beyond the scope of this Court's August 19, 2015 order limiting the scope of discovery to Plaintiff's claims against the individual defendants. Interrogatory 5 seeks information regarding Wexford's alleged practice of failing to provide dental care to inmates incarcerated at Stateville, which is beyond the scope of the Court's August 19, 2015 Order. Further, to succeed on his pattern and practice claim against Wexford, Plaintiff needs to show that he was injured by the alleged practice. The only claim in this case relates to treatment Plaintiff received on or after May 14, 2014, so any "treatments" before that date are not relevant to this matter.

Answering subject to the objection, unknown. Dr. Brooks' duties as a dentist did not extend to scheduling inmates for treatment. However, upon information and belief, Plaintiff's dental records include notations relating to cancelled appointments. See Bates 107-17.

6.   Identify all communications between You and Plaintiff.

ANSWER:   Dr. Brooks objects to Interrogatory 6 because it is overly broad in scope and, consequently, unduly burdensome. Plaintiff has been in the custody of the IDOC since July 2012, and he has been evaluated and treated on numerous occasions before and after the occurrence alleged in the Amended Complaint. Dr. Brooks further objects to Interrogatory 5 because it is vague in its use of the term "communications."

3

> Answering subject to the objection and upon information and belief, Dr. Brooks communicated with Plaintiff during an appointment on May 14, 2014. See Dr. Brooks' Answer to Interrogatory 4.

7.      Identify all communications relating to Plaintiff.

**ANSWER:**   **None known at this time other than those communications identified in Dr. Brooks' Answer to Interrogatory 6.**

8.      Identify the standard course of treatment for a patient with a broken tooth, including treatment when the tooth is broken at the root.

**ANSWER:**   **Dr. Brooks objects to Interrogatory 8 because: (1) it is vague in its reference to "a patient with a broken tooth, including treatment when the tooth is broken at the root;" and (2) the hypothetical posed by Interrogatory 8 is irreparably incomplete. Dr. Brooks does not recognize a "standard course of treatment" for a patient with a broken tooth, particularly a patient whose tooth is broken near the root. Dr. Brooks' treatment of such a patient would vary widely depending on the nature of the injury, as effected by the height of the fall, the specific location of the injury, the tooth involved, the extent of bone damage, the activity the individual was engaged in at the time of the fall, and the specific manner in which the patient landed. Other factors such as the patient's significant dental history would also affect the patient's injury and possible course of treatment. Finally, Dr. Brooks' course of treatment would vary based upon his direct interaction and assessment of the patient in question and the patient's unique responses to evaluative and treatment modalities. Dr. Brooks treated all of his patients on a case by case basis.**

**Answering subject to the objection: Generally speaking, upon presentation Dr. Brooks would assess the patient for any acute injury to determine whether the patient is in need of emergency medical attention. If a patient needed emergency medical attention, Dr. Brooks would contact emergency medical services to have the patient transported to a hospital for treatment. If Dr. Brooks, in his professional judgment, determined he could treat the patient, he would first obtain information from the patient about the history of his injury and relevant prior medical history. He would then physically examine the patient's teeth and record his pertinent findings in the patient's medical record. Depending on the patient's injury Dr. Brooks would provide treatment, recommend a treatment plan, and provide follow-up care as needed.**

4

9.     Identify all bases for Your failure to take any step identified in response to Interrogatory 8 in treating Plaintiff for the injuries alleged in the Complaint.

**ANSWER:**    **Dr. Brooks objects to interrogatory 9 because it is derivative of Interrogatory 8, which is vague and lacking in detail. Accordingly, Dr. Brooks incorporates his objections to Interrogatory 8 as his objections to Interrogatory 9. Dr. Brooks further objects to Interrogatory 9 because: (1) it is vague in its use of the term "failure," in its reference to "any step identified," and in its reference to "the injuries alleged in the Complaint;" and (2) it seeks information that is neither relevant, nor reasonably calculated to lead to the production of admissible evidence. Dr. Brooks encounters a wide variety of patients presenting with an equally wide variety of Dental conditions and complaints. Dr. Brooks' treatment decisions vary depending upon the individual needs of the patient. Accordingly, Dr. Brooks' decision to use or not use a specific assessment or treatment modality is not accurately described as a failure. Finally, Plaintiff's complaint only vaguely alleges that he injured "his head, shoulder, and mouth and [broke] one tooth at the root." Dr. Brooks is not a medical doctor, so he cannot discuss the treatment of Plaintiff's alleged injury to his head, shoulder, and mouth. Answering subject to the objections, none known.**

10.    Identify the factors You consider when You determine whether or not to prescribe a patient a liquid diet.

**ANSWER:**    **Dr. Brooks objects to interrogatory 10 for the same reasons stated in his objections to Interrogatory 8, and he incorporates those objections into his Answer to Interrogatory 10. Dr. Brooks further objects to Interrogatory 10 because it seeks information that is neither relevant, nor reasonably calculated to the production of admissible evidence. Plaintiff's amended complaint alleges Dr. Mitchell refused to prescribe a liquid diet. *Dkt. # 11* at 25. Medical providers may disagree about the factors considered when deciding whether or not to prescribe a liquid diet. In a deliberate indifference matter, a disagreement among medical providers is not evidence of deliberate indifference, so Dr. Brooks' Answer to Interrogatory 10 will not be relevant to Plaintiff's claim against Dr. Mitchell. Answering subject to the objection, Stateville offers several "therapeutic diets," each of which is appropriate for accommodating the dental needs of inmates. *See Bates 69.***

11.    Identify all bases for and facts supporting Your denial of Paragraph 25 of the Complaint.

**ANSWER:**    **Interrogatory 11 is a contention interrogatory. Because the parties have only begun discovery in this matter, Dr. Brooks cannot Answer Interrogatory 11**

in full at this time, and he reserves the right to ask this Court in its discretion to postpone a response to Plaintiff's contention interrogatories until discovery is closer to completion. Dr. Brooks also objects to Interrogatory 11 to the extent that it will be cumulative of other evidence in this case at the time discovery is closed. Answering subject to the objections, Dr. Brooks denied Paragraph 25 of the Amended Complaint because Dr. Mitchell ordered a therapeutic diet for Plaintiff on May 14, 2014. *See Bates 69.*

12. Identify all bases for and facts supporting Your denial of Paragraph 26 of the Complaint.

ANSWER: Like Interrogatory 11, Interrogatory 12 is a contention interrogatory, so Dr. Brooks incorporates his objections to Interrogatory 11 as his objections to Interrogatory 12. Answering subject to the objections, at this early stage, Dr. Brooks lacks knowledge or information sufficient to fully Answer Interrogatory 12. However, preliminarily, Dr. Brooks has reviewed the medical records related to Plaintiff's dental treatment on May 14, 2014 and it is his opinion, based upon his training and experience as a dentist treating patients with similar injuries, that the medical treatment Plaintiff received was adequate. Plaintiff was promptly evaluated and treated on the date of his alleged fall. He also received pain medication, and a prescription for a therapeutic diet. Also, follow-up care was planned and performed within a reasonable time after Plaintiff's treatment on May 14, 2014.

13. Identify all bases for and facts supporting Your denial of Paragraph 28 of the Complaint.

ANSWER: Like Interrogatory 11, Interrogatory 13 is a contention interrogatory, so Dr. Brooks incorporates his objections to Interrogatory 11 as his objections to Interrogatory 13. Answering subject to the objections, at this early stage, Dr. Brooks lacks knowledge or information sufficient to fully Answer Interrogatory 13. However, preliminarily and upon information and belief Plaintiff never complained to Dr. Brooks of sinus drainage issues, constant headaches, or short term memory loss following the alleged occurrence.

14. Identify all bases for and facts supporting Your denial of Paragraph 29 of the Complaint.

ANSWER: Like Interrogatory 11, Interrogatory 14 is a contention interrogatory, so Dr. Brooks incorporates his objections to Interrogatory 11 as his objections to Interrogatory 14. Answering subject to the objections, at this early stage, Dr. Brooks lacks knowledge or information sufficient to fully Answer Interrogatory 14. However, preliminarily and upon information and belief, Plaintiff is not a medical doctor and he has not disclosed any witness capable

of offering an opinion about the adequacy of Plaintiff's dental care. Answering further, though Dr. Brooks endeavors to minimize the symptom of pain, individuals with dental injuries often experience pain commensurate with their condition and course treatment. Dr. Brooks finds no evidence in Plaintiff's medical records suggesting Plaintiff's alleged symptom of pain was prolonged, or unnecessary. Rather, Plaintiff's pain appeared to be adequately managed with medication and the accommodation of a therapeutic diet. Additionally, Plaintiff's medical records suggest that he is responsible for having ongoing pain because he missed appointments and interfered with his dental providers by refusing to pay the co-pay and acting inappropriately. Dr. Brooks also denies that Plaintiff's alleged symptoms were "obvious" as defined by prevailing law limiting the application of that term to a layperson's ability to recognize Plaintiff was in need of medical care.

15.    Identify all records relating to Plaintiff to which You had access in preparation for or during your treatment of him.

ANSWER:    Dr. Brooks had access to Plaintiff's dental "chart," which contains records of a patient's visits with dental personnel, diagnostic testing, and consults. Depending on the length of a given inmates incarceration and the number of times that inmate sought dental care, the chart may or may not contain all of that inmate's dental records. Dr. Brooks could also access additional records, not included in the chart, through Stateville's medical records department.

16.    Identify and describe the process for keeping record(s) of Plaintiff's dental issues, complaints, or treatment.

ANSWER:    Dr. Brooks objects to Interrogatory 16 because it is vague in its reference to "the process for keeping record(s) of Plaintiff's dental issues." Assuming the term "keeping" refers to Dr. Brooks entries into Plaintiff's medical records, Dr. Brooks provides the following answer subject to the objection: Dr. Brooks records a patient's pertinent subjective complaints, and his objective findings, treatment, and plan as needed to facilitate Plaintiff's dental care.

17.    Identify all bases on which You claim that your treatment of Plaintiff was sufficient or adequate, specifically including all bases for Your answer to Paragraph 61 of the Complaint.

ANSWER:    Like Interrogatory 11, Interrogatory 17 is a contention interrogatory, so Dr. Brooks incorporates his objections to Interrogatory 11 as his objections to Interrogatory 17. Answering subject to the objections, at this early stage, Dr.

Brooks lacks knowledge or information sufficient to fully Answer Interrogatory 17. Answering further, see Dr. Brook's Answer to Interrogatory 12. It is Dr. Brooks' opinion, based upon his training and experience as a dentist treating patients with similar conditions, that Plaintiff did not face an objectively serious health risk connected with the injury to his #9 and #10 teeth because of the treatment he received on and subsequent to May 14, 2014. If left untreated, a broken tooth may become infected. In some cases, that infection will spread to the head and neck and cause serious health problems. In rare cases, an untreated broken tooth may even become life-threatening. However, there is no indication that Plaintiff's tooth became infected or contributed to any other health problems. Dr. Brooks notes that Plaintiff was combative with other Dentists providing follow up care. Further, on May 23, 2014, Plaintiff refused to pay the co-pay for the rescheduled follow up evaluation and treatment of his #9 and #10 Teeth. Even in light of Plaintiff's non-compliance with Dr. Brooks recommendation that he have follow up treatment, any risk to Plaintiff's health was controlled by the treatment he received from Dr. Brooks and other dentists of Stateville's dental clinic.

18.     Identify all bases for and facts supporting Your denial of Paragraph 65 of the Complaint.

**ANSWER:**     Like Interrogatory 11, Interrogatory 18 is a contention interrogatory, so Dr. Brooks incorporates his objections to Interrogatory 11 as his objections to Interrogatory 18. Answering subject to the objections, Dr. Brooks denied Paragraph 65 because it alleged a legal conclusion associated with Plaintiff's legal theory that Dr. Brooks acted with deliberate indifference. Dr. Brooks does not have an obligation to Answer conclusory allegations like Paragraph 65. Even if Dr. Brooks was compelled to Answer Paragraph 65, he is not an attorney, so any answer the doctor could have provided to Paragraph 65 would have the effect of a denial.

Matthew H. Weller, Esq./ARDC No. 6278685
Todd R. Burgett, Esq./ARDC No. 6302976
**CASSIDAY SCHADE LLP**
**20 North Wacker Drive, Suite 1000**
**Chicago, IL 60606**
**(312) 641-3100**
**(312) 444-1669 (Fax)**
mweller@cassiday.com
tburgett@cassiday.com

Respectfully submitted,

**KENNETH BROOKS, M.D. and SALEH
OBAISI, M.D.**

**By: /s Todd R. Burgett**

**One of Their Attorneys**

9

Received:
Mar 17 2016 10:18pm

MAR-17-2016 21:39  FROM:BROOKS          7739552391          TO:13124441669          P.2/2

2. /2

## VERIFICATION

I, **KENNETH BROOKS, D.D.S.**, state under penalties as imposed by law that I have

read the above and foregoing **ANSWERS TO PLAINTIFF'S FIRST SET OF**

**INTERROGATORIES** and that the information contained therein is true and accurate to the

best of my knowledge and belief. I certify that the statements set forth herein are true and

correct, except as to matters therein stated to be on information and belief and as to such matters

I certify as aforesaid that I verily believe the same to be true.


3-17-2016

**KENNETH BROOKS, D.D.S.**


8189853 TBURGETT;CLUKA

9

39950/01245/MHW/TRB

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

DEANDRE CRAWFORD,

        Plaintiff,

v.

KAREN RABIDEAU, et al.,

        Defendants.

NO.   15-cv-1597

Honorable Edmond E. Chang

Magistrate Jeffery T. Gilbert

### RESPONSES TO PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS

**NOW COMES** Defendant, **KENNETH BROOKS, M.D.**, by his attorneys, **CASSIDAY SCHADE, LLP**, states the following Responses to Plaintiff's, **DEANDRE CRAWFORD**, Document Requests:

1.     All documents referred to or relied upon in responding to Plaintiff's First Set of Interrogatories to Dr. Brooks.

**RESPONSE: None other than those documents identified in Dr. Brooks's Answers to Plaintiff's First Set of Interrogatories.**

2.     All documents relating to Your treatment of Plaintiff.

**RESPONSE: None within Dr. Brooks's possession or control.**

3.     All Policies that determined or in any way affected Your treatment of Plaintiff.

**RESPONSE: None within Dr. Brooks's possession or control.**

4.     All documents relating to Your claim that the treatment You provided to Plaintiff was adequate.

**RESPONSE: None within Dr. Brooks's possession or control.**

5.     All documents that identify the standard course of treatment for a broken tooth or teeth.

**RESPONSE: Dr. Brooks objects to Request 5 because it is vague in its reference to "documents that identify the standard course of treatment." Dr. Brooks assumes Plaintiff is referring to Plaintiff's medical records. However, as**

explained in Dr. Brooks's Answer to Interrogatory 7, Dr. Brooks does not recognize a standard course of treatment for patients that fall and hit their head and/or shoulder. Accordingly, Dr. Brooks responds as follows to Request 5 subject to the objection: None within Dr. Brooks's possession or control.

6.      All documents that identify steps or procedures for examining or treating a patient at Stateville who has broken a tooth or teeth..

RESPONSE: Dr. Brooks objects to Request 5 because it is vague in its reference to "steps or procedures for examining or treating a patient at Stateville who has fallen and hit his head and/or shoulder." Responding subject to the objection: None within Dr. Brooks's possession or control.

7.      All communications regarding Plaintiff.

RESPONSE: None known other than the communications contained in Plaintiff's medical records and "master file," which are in the possession and control of the Illinois Department of Corrections.

8.      All communications between You and Plaintiff.

RESPONSE: None known other than the communications contained in Plaintiff's medical records, which are in the possession and control of the Illinois Department of Corrections.

9.      All documents relating to Plaintiff or the allegations in the Complaint.

RESPONSE: Dr. Brooks objects to Interrogatory 9 because it is overly broad and unduly burdensome. However, Dr. Brooks has performed a reasonable investigation for documents relating to Plaintiff's allegations, and he will continue to investigate this matter as discovery proceeds. At this time, Dr. Brooks is not aware of any documents that would be responsive to this request.

10.     Your personnel file.

RESPONSE: Dr. Brooks will obtain a copy of his personnel file from Wexford upon entry of an appropriate protective order covering its contents.

11.     Documents sufficient to show the dates and times during which You were working at Stateville.

RESPONSE: Dr. Brooks objects to Request 11 because it is overly broad in scope, and consequently it seeks documents that are neither relevant nor reasonably calculated to lead to the production of admissible evidence.

12.     Documents sufficient to show Your educational and professional history, such as a resume or curriculum vitae.

**RESPONSE: Dr. Brooks is retired and does not have a current resume or CV.  However, he is attempting to locate an old one reflecting his educational and professional history.**

13.     Documents sufficient to show all professional certifications or qualifications You hold.

**RESPONSE: Upon information and belief, these documents will be contained in Dr. Brooks' personnel file.  See Dr. Brooks' Answer to Interrogatory 10.**

14.     All other documents not produced in response to the previous requests that may be used by You in support or defense of any claim or allegation in this Action.

**RESPONSE: None known at this time.**

15.     All other documents not produced in response to the previous requests relating to any allegation in the Complaint, Answers, or Affirmative Defenses.

**RESPONSE: None known at this time.**

Respectfully submitted,

Kenneth Brooks, D.D.S.

By:     s/Todd R. Burgett
       One of Defendants' attorneys

Matthew H. Weller, Esq./ARDC No. 6278685
Todd R. Burgett, Esq./ARDC No. 6302796
CASSIDAY SCHADE LLP
20 North Wacker Drive
Suite 1000
Chicago, Illinois  60606
(312) 641-3100
(312) 444-1669 (Fax)
8129532

3