# Exhibit A

BakerHostetler

Baker&Hostetler LLP

191 North Wacker Drive
Suite 3100
Chicago, IL 60606-1901

T 312.416.6200
F 312.416.6201
www.bakerlaw.com

June 24, 2016

Josephine Tung
direct dial: 312.416.6280
jtung@bakerlaw.com

**VIA EMAIL & U.S. MAIL**

Summer Hallaj
Assistant Attorney General
General Law Bureau
100 W. Randolph Street, 13th Floor
Chicago, Illinois 60601

> Re:   *DeAndre Crawford v. Karen Rabideau, et al.*, No. 15 C 1597

Dear Summer:

This letter serves to memorialize our telephonic Rule 37 discovery conference of June 10, 2016. We have set out below the discovery issues identified in our Rule 37 correspondence dated May 3, 2015 followed by the results of our discussion.

### Ms. Rabideau's Discovery Responses

*Interrogatory No. 4.* This request asked Ms. Rabideau to identify her "job position(s) at Stateville" and include a "description of [Ms. Rabideau's] job duties associated with each position." Ms. Rabideau failed to provide a complete answer and stated only that she "currently holds the position of Correctional Counselor II" and "performs the duty of Placement Officer at Stateville Correctional Center." Please identify and provide a description of any other positions Ms. Rabideau has held at Stateville, or confirm that Ms. Rabideau has not held any positions at Stateville Correctional Center other than "Correctional Counselor II" and that she has never performed any duties other than her current duty of "Placement Officer."

During our Rule 37 conference, you confirmed that in the past ten to fifteen years Ms. Rabideau has not held any positions other than "Correctional Counselor II" and responded further that the job description for this position, provided at IDOC000509-10, answers this interrogatory.

Atlanta    Chicago    Cincinnati    Cleveland    Columbus    Costa Mesa    Denver
Houston    Los Angeles    New York    Orlando    Philadelphia    Seattle    Washington, DC

Ms. Summer Hallaj
Assistant Attorney General
General Law Bureau
June 24, 2016
Page 2

**Interrogatory No. 9.** This request asked Ms. Rabideau to "identify all bases for [her] failure to assign Plaintiff a low bunk." Ms. Rabideau responded that "[i]nmates are not assigned specific beds." This response is inadequate because Ms. Rabideau plainly had the ability to ensure that Plaintiff received a cell assignment that complied with his low bunk medical permit. In Ms. Rabideau's response to Interrogatory No. 8, she stated that a Placement Officer "determines whether the inmate's current cell complies with the medical permit" and if not, the "Placement Officer will see whether the inmate can be moved to a different cell in order to accommodate the permit." Ms. Rabideau's response fails to identify why she failed to ensure compliance with Plaintiff's low bunk medical permit. Please identify all bases for Ms. Rabideau's failure to accommodate Plaintiff's low bunk medical permit.

During our Rule 37 conference, you stated that offenders hold the responsibility for showing low bunk permits to "the security staff" and "the security staff" are responsible for ordering offenders to occupy either the top bunk or the low bunk. You stated that "the security staff" are responsible for ultimately enforcing low bunk permits. Please identify the names of the "security staff" responsible for ensuring Plaintiff's access to a low bunk from July 2012 to the present.

**Interrogatory No. 11.** This request asked Ms. Rabideau to identify "all efforts [Ms. Rabideau] made to investigate and answer Paragraphs 13, 14, and 15 of the Complaint. Ms. Rabideau answered that she "lacked knowledge or information sufficient to form a belief as to the truth of the allegations" contained in Paragraphs 13, 14, and 15 of the Complaint. Ms. Rabideau's response is deficient because she fails to identify what efforts she made to investigate Paragraphs 13, 14, and 15 of the Complaint, if any. Please provide the information requested.

During our Rule 37 conference, you stated that Ms. Rabideau has no duty to investigate in answering the Complaint.

**Interrogatory Nos. 12-15.** These requests asked Ms. Rabideau to identify all bases for and facts supporting Ms. Rabideau's denial of Paragraphs 16, 30, 35, and 38 of the Complaint. Ms. Rabideau answered that she denied Paragraphs 16, 30, 35, and 38 of the Complaint "on the basis that the allegations are false." Ms. Rabideau provided no facts supporting her contention that Paragraphs 16, 30, 35, and 38 of the Complaint are false. Please identify all bases and facts in support of her denial.

During our Rule 37 conference, you stated Ms. Rabideau would not be supplementing her response to these Interrogatories.

**Document Request Nos. 3 & 4.** These requests sought "all Policies that determined or in any way affected [Ms. Rabideau's] housing assignment for Plaintiff"

Ms. Summer Hallaj
Assistant Attorney General
General Law Bureau
June 24, 2016
Page 3

and all documents "setting forth, addressing, or discussing steps or procedures for determining a housing assignment for an inmate at Stateville." Ms. Rabideau responded that she was "unable to locate" any documents responsive to Document Request Nos. 3 and 4. However, in her response to Interrogatory No. 8, Ms. Rabideau described a policy or procedure for determining where to house a prisoner with a low bunk permit. Please produce the documents responsive to these requests.

During our Rule 37 conference, you stated that the policy or procedure for determining where to house a prisoner with a low bunk permit is unwritten and it is simply "the process that's used" because "that's how placement operates." You stated that Ms. Rabideau has produced all documents responsive to these requests.

**Document Request No. 5.** This request sought "all communications regarding Plaintiff." Ms. Rabideau objected to this request on the basis that it is "overly broad, unduly burdensome, and seeks the disclosure of documents not relevant to any claims or defenses asserted." Ms. Rabideau further responded that the request called for "highly sensitive classification documents" and disclosure of those documents poses a "serious security concern for the Illinois Department of Corrections." To address Ms. Rabideau's objections, Plaintiff proposes narrowing Ms. Rabideau's response to communications relating to Plaintiff's medical history and low bunk permit. Please produce the documents responsive to these requests.

During our Rule 37 conference, you represented that Ms. Rabideau has produced all documents responsive to the narrowed request.

**Document Request No. 6.** This request sought "all communications between [Ms. Rabideau] and Plaintiff." Ms. Rabideau objected to this request as overly broad. However, she provided no explanation to support her objection. Please produce the documents responsive to these requests.

During our Rule 37 conference, you stated that no additional documents exist. You stated that on occasion, Ms. Rabideau receives small scraps of paper from offenders but that she does not retain these communications, and she could not recall if she received such communications from Plaintiff

**Document Request No. 7.** This request sought "[a]ll documents relating to Plaintiff or the allegations in the Complaint." Ms. Rabideau objected to this request as overly broad, unduly burdensome, and on the basis that the documents are not relevant to any claims or defenses asserted. To address Ms. Rabideau's objections, Plaintiff proposes narrowing Ms. Rabideau's response to documents relating to Plaintiff's medical treatment and Plaintiff's low bunk permit, and all documents relating to the allegations in the Complaint. Please produce documents responsive to these requests.

Ms. Summer Hallaj
Assistant Attorney General
General Law Bureau
June 24, 2016
Page 4

During our Rule 37 conference, you represented that Ms. Rabideau has produced all documents responsive to the narrowed request.

**Document Request No. 8.** This request sought Ms. Rabideau's personnel file. Ms. Rabideau objected on the basis that the request was "not relevant to any claims or defenses asserted" and further, that the disclosure of her personnel file "poses a serious security risk" to IDOC. Ms. Rabideau admits in her interrogatory responses that she performs the duty of Placement Officer at Stateville. Information likely to be contained in her personnel file, such as her periods of employment, position, and complaints about her performance as Placement Officer, is directly relevant to the issues in this case, as well as Ms. Rabideau's credibility and role as a witness. Please produce the documents responsive to this request.

During our Rule 37 conference, you stood on your objection to this document request. You also stated Ms. Rabideau would not produce her personnel file because it has "no bearing" on Plaintiffs' deliberate indifference claim.

**Document Request Nos. 9 & 10.** These requests sought documents sufficient to show Ms. Rabideau's educational and professional history as well as her professional certifications or qualifications. Ms. Rabideau objected on the basis that the requests were not relevant to any claims or defenses asserted. Ms. Rabideau admits in her interrogatory responses that she performs the duty of Placement Officer at Stateville. Documents sufficient to show Ms. Rabideau's educational and professional history and her professional certifications or qualifications are directly relevant to the issues in this case, as well as Ms. Rabideau's credibility and role as a witness. Please produce the documents responsive to these requests.

During our Rule 37 conference, you stood on your objection to this document request. You also stated that these document requests would be better answered during a deposition of Ms. Rabideau.

### Ms. Walker's Discovery Responses

**Interrogatory No. 4.** This request asked Ms. Walker to identify any knowledge "regarding the existence, function, purpose, or other information" regarding Stateville's seizure and hypertension clinic(s). Ms. Walker answered she "has no information regarding Stateville's seizure and/or hypertension clinics" and that Ms. Walker "does not have any medical training or expertise." A response that Ms. Walker has "no information" regarding the existence, function, or purpose or Stateville's seizure and hypertension clinic(s) is implausible.

Ms. Summer Hallaj
Assistant Attorney General
General Law Bureau
June 24, 2016
Page 5

During our Rule 37 conference, you stated that Ms. Walker has no knowledge of Stateville's seizure and hypertension clinics. You also stated that there is a "movement team" that escorts offenders to and from various points in Stateville. Because Ms. Walker is a member of the cell-house staff, she is not involved in moving offenders and would only be informed that an offender needed to be moved, not whether he was being specifically moved to the seizure clinic.

**Interrogatory No. 5.** Ms. Walker's response to Interrogatory No. 5 states that she is a Correctional Officer who assists in maintaining the security, custody, and control of inmates at Stateville. Ms. Walker's response to Interrogatory No. 9 states that Correctional Officers escort inmates to the Health Care Unit for treatment. It is implausible that Ms. Walker, as a Correctional Officer responsible for escorting inmates to the Health Care Unit for scheduled medical appointments, is completely unaware of the existence or purpose of Stateville's seizure and hypertension clinic(s). The fact that Ms. Walker "does not have any medical training or expertise" is inapposite of whether she has knowledge regarding the existence or function of Stateville's seizure and hypertension clinic(s). Please provide the information requested.

During our Rule 37 conference, you stood on your response and stated that Ms. Walker has no knowledge of Stateville's seizure or hypertension clinics.

**Interrogatory No. 6.** This request asked Ms. Walker to identify any periods of time during which she has been on a leave of absence and to "state the reason(s) for and length of such absence." Ms. Walker answered that she "went on a leave of absence beginning January 19, 2015, but has since returned to work at Stateville." This response is incomplete. Ms. Walker failed to identify the length of her leave of absence and the reason(s) for the leave of absence. Please provide the information requested.

During our Rule 37 conference, you stood on your objections to this interrogatory. You also stated that the leave of absence was not a disciplinary leave of absence, and was "an insular event."

**Interrogatory No. 11.** This request asked Ms. Walker to identify "all efforts [Ms. Walker] made to investigate and answer Paragraphs 17, 18, and 19 of the Complaint. Ms. Walker answered that she "lacked knowledge or information sufficient to form a belief as to the truth of the allegations" contained in Paragraphs 17, 18, and 19 of the Complaint. Ms. Walker's response is deficient because she fails to identify what efforts she made to investigate Paragraphs 17, 18, and 19 of the Complaint, if any. Please provide the information requested.

During our Rule 37 conference, you stated Ms. Walker had no duty to investigate in answering the Complaint.

Ms. Summer Hallaj
Assistant Attorney General
General Law Bureau
June 24, 2016
Page 6

**Interrogatory Nos. 12-13.** These requests asked Ms. Walker to identify all bases for and facts supporting Ms. Walker's denial of Paragraphs 46 and 47 of the Complaint. Ms. Walker answered that she denied Paragraphs 46 and 47 of the Complaint "on the basis that the allegations are false." Ms. Walker provided no facts supporting her contention that Paragraphs 46 and 47 of the Complaint are false. Please identify all bases and facts in support of her denial.

During our Rule 37 conference, you stood on your response to these interrogatories and stated that Ms. Walker believes these allegations are false.

**Document Request Nos. 2 & 3.** These requests called for the production of all Policies that determined or in any way affected when Ms. Walker takes Stateville inmates to medical appointments, and all documents setting forth or discussing steps or procedures for taking Stateville inmates to medical appointments. In response to both of these requests, Ms. Walker merely stated "Investigation continues." This response is inadequate. Please state whether you will supplement Ms. Walker's production with documents responsive to these requests.

During our Rule 37 conference, you referenced prior discussions you had with us regarding "keying out procedures." You stated that apart from the policies and procedures related to restraints, the policies provided at IDOC000023-83 are the entire universe of relevant policies or procedures. You explained that there were other policies, for example, related to medical furloughs for correctional officers, that exist but which are not at issue, but which you could produce upon our request as to specific policies.

**Document Request No. 4.** This request called for the production of all communications regarding Plaintiff. Ms. Walker objected to this request on the basis that it is "overly broad, unduly burdensome, and seeks the disclosure of documents not relevant to any claims or defenses asserted." Ms. Walker further responded that the request called for "highly sensitive classification documents" and disclosure of those documents poses a "serious security concern for the Illinois Department of Corrections." To address Ms. Walker's objections, Plaintiff proposes narrowing Ms. Walker's response to communications relating to Plaintiff's medical history and Plaintiff's low bunk permit. Please provide documents responsive to this request.

During our Rule 37 conference, you confirmed that the only documents you withheld were those related to security information. You also represented that Ms. Walker has produced all documents responsive to the narrowed request.

**Document Request No. 5.** This request called for the production of all communications between Ms. Walker and Plaintiff. Ms. Walker responded that she "has no recollection of any specific communications with Plaintiff, and has no recollection of

Ms. Summer Hallaj
Assistant Attorney General
General Law Bureau
June 24, 2016
Page 7

any communications with Plaintiff regarding his seizure condition." This response is inadequate. The document request does not call for Ms. Walker to opine as to her recollection of communications with Plaintiff, but calls for Ms. Walker to produce any communications in her possession, regardless of whether she recalls the communications. Please provide documents responsive to this request.

During our Rule 37 conference, you represented that Ms. Walker currently does not possess any communications between her and Plaintiff, and that she has produced all documents responsive to this request.

**Document Request No. 6.** This request sought "[a]ll documents relating to Plaintiff or the allegations in the Complaint." Ms. Walker objected to this request as overly broad, unduly burdensome, and on the basis that the documents are not relevant to any claims or defenses asserted. To address Ms. Walker's objections, Plaintiff proposes narrowing Ms. Walker's response to documents relating to Plaintiff's medical treatment and low bunk permit, and all documents relating to the allegations in the Complaint. Please produce documents responsive to these requests.

During our Rule 37 conference, you represented that Ms. Walker has produced all documents responsive to this request.

**Document Request No. 7.** This request sought Ms. Walker's personnel file. Ms. Walker objected on the basis that the request was "not relevant to any claims or defenses asserted" and that the disclosure of her personnel file "poses a serious security risk" to IDOC. Plaintiff's Complaint contains allegations that Ms. Walker failed to perform her employment duties by failing to "key out" Plaintiff for his medical appointments. Information likely to be contained in Ms. Walker's personnel file, such as her periods of employment, position, and complaints about her performance as a Correctional Officer, is directly relevant to the issues in this case, as well as Ms. Walker's credibility and role as a witness. Please produce the documents responsive to this request.

During our Rule 37 conference, you stood on your objection to this document request. You also stated that the document request would be better answered during a deposition of Ms. Walker.

**Document Request Nos. 8 & 9.** These requests sought documents sufficient to show Ms. Walker's educational and professional history and her professional certifications or qualifications. Ms. Walker objected on the basis that the requests were not relevant to any claims or defenses asserted. Ms. Walker admits in her interrogatory responses that she performs the duty of Correctional Officer at Stateville. Documents sufficient to show Ms. Walker's educational and professional history and her

Ms. Summer Hallaj
Assistant Attorney General
General Law Bureau
June 24, 2016
Page 8

professional certifications or qualifications are directly relevant to the issues in this case, as well as Ms. Walker's credibility and role as a witness. Please produce the documents responsive to these requests.

During our Rule 37 conference, you stood on your objection to this document request. You also stated that the document requests would be better answered during a deposition of Ms. Walker.

**Document Request No. 10.** This request sought documents sufficient to show the dates and times during which Ms. Walker was working at Stateville. Ms. Walker objected on the basis that the request was overly broad, unduly burdensome, and seeks the disclosure of documents not relevant to any claims or defenses asserted. The dates and times Ms. Walker was working at Stateville are directly relevant to whether Ms. Walker was the correctional officer with the responsibility for taking Plaintiff to his medical appointments. To address Ms. Walker's objection that the request is "overly broad," Plaintiff proposes narrowing Ms. Walker's response to documents within the period from January 2014 to the present. Please produce the documents responsive to this request.

During our Rule 37 conference, we agreed to narrow this request to April 22, 2014, and you agreed that to produce Ms. Walker's timesheets for this date.

### Dr. Mitchell's Discovery Responses

**Interrogatory No. 7.** This request asked Dr. Mitchell to identify "all communications relating to Plaintiff." Dr. Mitchell objected to this request on the basis that it is "overly broad, unduly burdensome, and seeks the disclosure of documents not relevant to any claims or defenses asserted." Dr. Mitchell further responded that the request called for "highly sensitive classification documents" and disclosure of those documents poses a "serious security concern for the Illinois Department of Corrections." To address Dr. Mitchell's objections, Plaintiff proposes narrowing Dr. Mitchell's response to communications relating to Plaintiff's medical history and Plaintiff's low bunk permit. Please provide the information called for by this request.

During our Rule 37 conference, you stated that the information requested by this interrogatory has already been already produced, and no additional relevant communications exist.

**Interrogatory No. 9.** This request asked Dr. Mitchell to identify "all bases for [Dr. Mitchell's] failure to take any step identified in response to Interrogatory 8 in treating Plaintiff for the injuries alleged in the Complaint." Dr. Mitchell responded that she "provides dental treatment on a case-by-case basis, based on the needs of the

Ms. Summer Hallaj
Assistant Attorney General
General Law Bureau
June 24, 2016
Page 9

particular patient." This generic response is inadequate because it fails to identify the bases for Dr. Mitchell's failure to treat Plaintiff specifically. Please provide the information called for by this request.

During our Rule 37 conference, you stood on your response to this interrogatory. You also stated that this interrogatory would be better answered during a deposition of Dr. Mitchell.

*Interrogatory No. 11.* This request asked Dr. Mitchell to identify "all factors for [Dr. Mitchell's] failure to prescribe Plaintiff a liquid diet in treating Plaintiff for the injuries in the Complaint." Dr. Mitchell responded that she "provides dental treatment on a case-by-case basis, based on the needs of the particular patient." This generic response is inadequate because it fails to identify the bases for Dr. Mitchell's failure to treat Plaintiff specifically. Please provide the information called for by this request.

During our Rule 37 conference, you stood on your response to this interrogatory. You also stated that the information requested by this interrogatory would be better answered during a deposition of Dr. Mitchell.

*Interrogatory No. 12.* This request asked Dr. Mitchell to identify "all efforts [Dr. Mitchell] made to investigate and answer Paragraphs 23 and 24 of the Complaint. Dr. Mitchell answered that she "lacked knowledge or information sufficient to form a belief as to the truth of the allegations" contained in Paragraphs 24 and 25 of the Complaint. Dr. Mitchell's response is deficient because she fails to identify what efforts she made to investigate Paragraphs 24 and 25 of the Complaint, if any. Please provide the information requested.

During our Rule 37 conference, you stated Dr. Mitchell had no duty to investigate in answering the Complaint.

*Interrogatory Nos. 13, 14 & 16.* These requests asked Dr. Mitchell to identify all bases for and facts supporting Dr. Mitchell's denial of Paragraphs 25, 26, and 29 of the Complaint. Dr. Mitchell answered that she denied Paragraphs 25, 26, and 29 of the Complaint "on the basis that the allegations are false." Dr. Mitchell provided no facts supporting her contention that Paragraphs 25, 26, and 29 of the Complaint are false. Please identify all bases and facts in support of her denial.

During our Rule 37 conference you stated that Dr. Mitchell denied that Plaintiff required a liquid diet, and that Dr. Mitchell stated that if he had needed a liquid diet, one would have been prescribed to him.

Ms. Summer Hallaj
Assistant Attorney General
General Law Bureau
June 24, 2016
Page 10

       **Interrogatory No. 15.** This request asked Dr. Mitchell to identify "all efforts [Dr. Mitchell] made to investigate and answer Paragraphs 27 and 28 of the Complaint. Dr. Mitchell answered that she "lacked knowledge or information sufficient to form a belief as to the truth of the allegations" contained in Paragraphs 27 and 28 of the Complaint. Dr. Mitchell's response is deficient because she fails to identify what efforts she made to investigate Paragraphs 27 and 28 of the Complaint, if any. Please provide the information requested.

       During our Rule 37 conference you stated Dr. Mitchell had no duty to investigate in answering the Complaint.

       **Interrogatory No. 19.** This request asked Dr. Mitchell to identify all bases on which claimed that her treatment of Plaintiff was "sufficient or adequate." Dr. Mitchell responded she "provided Plaintiff with medically appropriate care." This response is inadequate because it does not identify the bases on which Dr. Mitchell claims her treatment of Plaintiff was "medically appropriate." Please provide the information requested.

       During our Rule 37 conference, you stated that all of the bases on which Dr. Mitchell claims her treatment of Plaintiff was "medically appropriate" are stated in the dental records which have already been produced.

       **Document Request No. 10.** This request sought Dr. Mitchell's personnel file. Dr. Mitchell objected on the basis that the request was "not relevant to any claims or defenses asserted" and further, that the disclosure of her personnel file "poses a serious security risk" to IDOC. Dr. Mitchell admits in her interrogatory responses that she provided Plaintiff with treatment for the injuries he alleges in his Complaint. Information likely to be contained in her personnel file, such as her periods of employment, position, and complaints about her provision of medical services, is directly relevant to the issues in this case, as well as Dr. Mitchell's credibility and role as a witness. Please produce the documents responsive to this request.

       During our Rule 37 conference, you stood on your objection to this document request and stated that no documents would be produced in response to this request.

       **Document Request No. 11.** This request sought documents sufficient to show the dates and times during which Dr. Mitchell was working in Stateville's dental unit. Dr. Mitchell objected that the request was "overly broad, unduly burdensome, and seeks the disclosure of information not relevant to any claims or defenses asserted." Documents showing the dates and times Dr. Mitchell was working in Stateville's dental unit are directly relevant to Plaintiff's allegations regarding whether Dr. Mitchell was

Ms. Summer Hallaj
Assistant Attorney General
General Law Bureau
June 24, 2016
Page 11

available to treat Plaintiff's broken tooth. Please produce the documents responsive to this request.

During our Rule 37 conference, you stood on your objection to this document request, but stated that Dr. Mitchell would not dispute the fact that she examined Plaintiff.

***Document Request Nos. 12 & 13.*** These requests sought documents sufficient to show Dr. Mitchell's educational and professional history and Dr. Mitchell's professional certifications or qualifications. Dr. Mitchell objected on the basis that the requests were "not relevant to any claims or defenses asserted." Dr. Mitchell admits in her interrogatory responses that she provided Plaintiff with treatment for the injuries he alleges in his Complaint. Documents sufficient to show Dr. Mitchell's educational and professional history are directly relevant to the issues in this case, as well as Dr. Mitchell's credibility and role as a witness. Please produce the documents responsive to these requests.

During our Rule 37 conference, you stood on your objection to this document request. You also stated that the document requests would be better answered during a deposition of Dr. Mitchell.

\*     \*     \*

***Verifications.*** During our Rule 37 conference I explained that we only received a verification for Dr. Mitchell's interrogatory responses. You stated you would provide verifications for Ms. Rabideau's and Ms. Walker's responses as well. Please provide these verifications.

Please let me know immediately if you disagree in any respect with my summary of the Rule 37 discovery conference.

Very truly yours,

Josephine Tung

# Exhibit B

## IN THE UNITED STATES DISTRICT COURT
## THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DISVISION

DEANDRE CRAWFORD,        )
                                    )
        Plaintiff,          )     No. 15 C 1597
                                    )
        v.              )     Honorable Edmond E. Chang
                                    )     Judge Presiding
KAREN RABIDEAU, et al.     )
                                    )
        Defendants.       )

## ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

The Defendants, DR. JAQUELIN MITCHELL, KAREN RABIDEAU, and DAPHINE

WALKER, by and through their attorney LISA MADIGAN, Attorney General of the State of

Illinois, and for their Answer to Plaintiff's Amended Complaint state the following:

## NATURE OF THE ACTION

1.     Plaintiff DeAndre Crawford ("Crawford") suffers from severe, unpredictable seizures. Ignoring the significant and obvious risk to Crawford of sleeping on the top bunk of a bunk bed, Stateville Correctional Center ("Stateville") has never provided Crawford with a low bunk, despite assigning him a "low-bunk permit" when he was incarcerated in 2012. Even after Crawford's repeated requests for a low bunk, prison staff at Stateville have failed persistently to correct the issue. Likewise, prison staff have repeatedly denied Crawford access to scheduled medical appointments for treatment and monitoring of his condition.

**ANSWER:**    **Defendants Mitchell, Rabideau, and Walker lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1, regarding Plaintiff's seizure condition and the enforcement of Plaintiff's low bunk permit. Defendants Mitchell, Rabideau, and Walker deny the remaining averments of Paragraph 1.**

2.     In May 2014, Crawford suffered a seizure and fell from his top bunk to the concrete floor of his cell, injuring his head, shoulder, and mouth and breaking one tooth at the root. Despite Crawford's severe, obvious injuries and need for immediate medical care, prison medical staff failed to provide him with adequate medical treatment. Crawford now brings this action for damages and injunctive relief against defendants Karen Rabideau, Officer D. Walker, Dr. Saleh Obaisi, Dr. Kenneth Brooks, and Dr. Jacqueline Mitchell in order to remedy their deliberate indifference to his serious medical needs.

**ANSWER:**    **Defendants Mitchell, Rabideau, and Walker lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2,**

1

regarding Plaintiff's seizure and injuries. **Defendants Mitchell, Rabideau, and Walker deny the remaining averments of Paragraph 2.**

## PARTIES

3.      DeAndre Crawford is an inmate at Stateville, which is located near Joliet, Illinois.

**ANSWER:      Defendants Mitchell, Rabideau, and Walker admit the averments of Paragraph 3.**

4.      Karen Rabideau ("Rabideau") is an individual residing in the State of Illinois.

**ANSWER:      Defendants Mitchell, Rabideau, and Walker admit the averments of Paragraph 4.**

5.      Officer D. Walker ("Officer Walker") is an individual residing in the State of Illinois.

**ANSWER:      Defendants Mitchell, Rabideau, and Walker admit the averments of Paragraph 5.**

6.      Dr. Saleh Obaisi ("Dr. Obaisi") is an individual residing in the State of Illinois.

**ANSWER:      Defendants Mitchell, Rabideau, and Walker lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 6.**

7.      Dr. Jacqueline Mitchell ("Dr. Mitchell") is an individual residing in the State of Illinois.

**ANSWER:      Defendants Mitchell, Rabideau, and Walker admit the averments of Paragraph 7.**

8.      Dr. Kenneth Brooks ("Dr. Brooks") is an individual residing in the State of Illinois.

**ANSWER:      Defendants Mitchell, Rabideau, and Walker lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8.**

## JURISDICTION & VENUE

9.      This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 because it arises under the Eighth Amendment to the Constitution and 42 U.S.C. § 1983. This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1343(a)(3) because it is being brought to redress the deprivation, under color of State law, of a right secured by the Eighth Amendment to the Constitution.

**ANSWER:      Defendants Mitchell, Rabideau, and Walker admit that this Court has proper jurisdiction over Plaintiff's claims. However, Defendants Mitchell, Rabideau, and Walker deny that they violated any of Plaintiff's rights under the Eighth Amendment.**

10.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this judicial district.

**ANSWER: Defendants Mitchell, Rabideau, and Walker do not contest venue.**

## FACTUAL BACKGROUND

11.     For years, Crawford has suffered from a seizure disorder that causes him to have severe, unpredictable seizures. During his seizures, Crawford loses control of his muscles and loses consciousness.

**ANSWER:   Defendants Mitchell, Rabideau, and Walker lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11.**

12.     Since July 2012, Crawford has been incarcerated at Stateville Correctional Center, an Illinois Department of Corrections prison facility located near Joliet, Illinois.

**ANSWER:   Defendants Mitchell, Rabideau, and Walker admit the averments of Paragraph 12.**

13.     Physicians at Stateville diagnosed Crawford as suffering from a seizure disorder when he first arrived at the facility. Because of his seizures, Stateville medical personnel issued Crawford a "low bunk, low gallery" permit on the very first day he arrived at the prison.

**ANSWER:   Defendants Mitchell, Rabideau, and Walker lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13.**

14.     However, despite identifying Crawford's medical need for a low bunk, Stateville prison staff have never assigned or provided Crawford with a low bunk. Instead, Stateville prison staff have forced Crawford to sleep on a high or top bunk.

**ANSWER: Defendants Mitchell, Rabideau, and Walker lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14.**

15.     Rabideau is the placement and assignment officer at Stateville with responsibility for inmate cell assignments. Crawford has repeatedly contacted Rabideau regarding his need for a low bunk due to his seizures and asked her to assign him to a cell with a low bunk.

**ANSWER:   Defendants Mitchell, Rabideau, and Walker admit that Defendant Rabideau is the placement and assignment officer, and that Defendant Rabideau assigns inmates to specific cells. Defendants Mitchell, Rabideau, and Walker lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 15.**

16.     Rabideau was and is aware of Crawford's seizure disorder, need for a low bunk, and low bunk permit. However, Rabideau has failed to take any action to move Crawford or otherwise provide him with a low bunk.

**ANSWER:   Deny.**

3

17.     Given his seizure disorder, Crawford also has regular, scheduled appointments for medical treatment at Stateville's seizure clinic. To receive medical treatment at the seizure clinic and for other medical appointments, Crawford must be "keyed out" or taken to the appointment by a correctional officer.

**ANSWER:     Defendants Mitchell, Rabideau, and Walker lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17.**

18.     On at least two occasions, Officer Walker was the correctional officer with the responsibility for taking Crawford to his medical appointments, including his seizure clinic appointments.

**ANSWER:     Defendants Mitchell, Rabideau, and Walker lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 18.**

19.     On April 22, 2014, Crawford gave Officer Walker a call pass for an appointment to be seen at the prison's seizure clinic that day. Despite her knowledge of Crawford's medical appointment and underlying seizure disorder, Walker refused to "key out" Crawford for the appointment.

**ANSWER:     Defendants Mitchell, Rabideau, and Walker lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 19.**

20.     On May 14, 2014, Crawford suffered a seizure while lying in his top bunk bed. As a result of the seizure, Crawford fell from his top bunk on to the concrete floor of his cell, injuring his head, shoulder, and mouth and breaking one tooth at the root.

**ANSWER:     Defendants Mitchell, Rabideau, and Walker lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20.**

21.     Crawford was taken to the prison's health care unit where he was seen by Dr. Obaisi, Stateville's medical director. Despite Crawford's obvious need for medical attention, Dr. Obaisi simply asked Crawford two questions and then sent him to the prison's dental clinic without conducting a medical examination or providing medical treatment for his injuries.

**ANSWER:     Defendants Mitchell, Rabideau, and Walker lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21.**

22.     Crawford attempted to obtain medical treatment from Dr. Obaisi, explaining that he was in pain and experiencing unusual drainage from his nose. Dr. Obaisi ignored Crawford's complaints and failed to provide him with medical treatment.

**ANSWER:     Defendants Mitchell, Rabideau, and Walker lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22.**

23.     Later that day, Crawford was taken to the prison's dental unit. The dental unit was staffed by Dr. Brooks and Dr. Mitchell.

**ANSWER:     Defendants Mitchell, Rabideau, and Walker lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 23.**

24.     When he arrived at the dental unit, Crawford was in obvious pain from the injuries he sustained in his fall. Dr. Brooks began treating Crawford's broken tooth but abruptly stopped before completing treatment because it was time to leave for the day. Crawford was escorted from the dental unit without receiving adequate medical care for his broken tooth.

**ANSWER:     Defendants Mitchell, Rabideau, and Walker lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24.**

25.     Further compounding this problem, Dr. Mitchell refused to prescribe Crawford a liquid diet despite Crawford's obvious inability to chew food given his untreated broken tooth.

**ANSWER:     Defendants Mitchell, Rabideau, and Walker deny the averments of Paragraph 25.**

26.     Because of Dr. Brooks' and Dr. Mitchell's failure to provide Crawford with adequate medical care, Crawford could not eat for several days and threw up when he took his medication.

**ANSWER:     Defendants Mitchell, Rabideau, and Walker deny the averments of Paragraph 26.**

27.     Crawford was scheduled for a follow up appointment two days later, on May 16, 2014. However, Crawford was never seen by the dentists on May 16, 2014.

**ANSWER:     Defendants Mitchell, Rabideau, and Walker lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27.**

28.     Crawford also complained of sinus drainage issues, constant headaches, and short term memory loss following his seizure and fall. Despite these complaints, he did not receive medical treatment for several weeks.

**ANSWER:     Defendants Mitchell, Rabideau, and Walker lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28.**

29.     In fact, despite his ongoing pain and obvious need for medical treatment, Crawford's tooth was not treated adequately until January 2015.

**ANSWER:     Defendants Mitchell, Rabideau, and Walker deny the averments of Paragraph 29.**

30.     Despite Crawford's seizure disorder and the serious injuries he received in May 2014 as a result of being placed in a top bunk, he remains assigned to a top bunk.

**ANSWER:     Defendants Mitchell, Rabideau, and Walker deny the averments of Paragraph 30.**

## COUNT I

### (Against Rabideau)

31.     Crawford re-alleges paragraphs 1 through 30.

**ANSWER:     Defendants Mitchell, Rabideau, and Walker restate their answers to Paragraph 1 through 30, as if restated herein.**

32.     Crawford has a right under the Eighth Amendment to receive adequate medical treatment while incarcerated at Stateville Correctional Center.

**ANSWER:     Defendants Mitchell, Rabideau, and Walker admit the averments of Paragraph 32.**

33.     Crawford's seizure disorder constitutes a serious medical need.

**ANSWER:     Defendants Mitchell, Rabideau, and Walker lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33.**

34.     Crawford's serious medical need requires him to be housed in a low bunk because of the significant and obvious danger associated with being housed in a top bunk.

**ANSWER:     Defendants Mitchell, Rabideau, and Walker lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34.**

35.     Rabideau is responsible for inmate cell assignments at Stateville, including accommodating low bunk needs.

**ANSWER:     Defendants Mitchell, Rabideau, and Walker admit that Defendant Rabideau is responsible for inmate cell assignment at Stateville, including placement of inmates in appropriate cells. However, Defendants Mitchell, Rabideau, and Walker deny that Defendant Rabideau is responsible for ensuring low bunk compliance.**

36.     Rabideau knew of Crawford's serious medical need and that it requires him to be housed in a low bunk.

**ANSWER:     Defendants Mitchell, Rabideau, and Walker deny the averments of Paragraph 36.**

37.     Rabideau knew or should have known that housing Crawford in a top bunk posed a substantial risk of serious harm to his health.

**ANSWER:     Defendants Mitchell, Rabideau, and Walker deny the averments of Paragraph 37.**

38.     On information and belief, Rabideau has taken no action to address Crawford's need for a low bunk.

**ANSWER:     Defendants Mitchell, Rabideau, and Walker deny the averments of Paragraph 38.**

6

39.     Rabideau's inaction constitutes deliberate indifference to Crawford's serious medical need and a risk of serious harm to Crawford.

**ANSWER:     Defendants Mitchell, Rabideau, and Walker deny the averments of Paragraph 39.**

40.     At all times relevant to this action, Rabideau was acting under color of State law.

**ANSWER:     Defendants Mitchell, Rabideau, and Walker admit the averments of Paragraph 40.**

41.     Crawford has been harmed as an actual and proximate result of Rabideau's deliberate indifference to his serious medical needs.

**ANSWER:     Defendants Mitchell, Rabideau, and Walker deny the averments of Paragraph 41.**

### COUNT II

### (Against Officer Walker)

42.     Crawford re-alleges paragraphs 1 through 30.

**ANSWER:     Defendants Mitchell, Rabideau, and Walker restate their answers to Paragraphs 1 through 30, as if restated herein.**

43.     Crawford has a right under the Eighth Amendment to receive adequate medical treatment while incarcerated at Stateville Correctional Center.

**ANSWER:     Defendants Mitchell, Rabideau, and Walker admit the averments of Paragraph 43.**

44.     Crawford's seizure disorder constitutes a serious medical need.

**ANSWER:     Defendants Mitchell, Rabideau, and Walker lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44.**

45.     Officer Walker knew of Crawford's serious medical need.

**ANSWER:     Defendants Mitchell, Rabideau, and Walker lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 45.**

46.     Walker knew or should have known that Crawford's serious medical need presented a substantial risk of serious harm to his health.

**ANSWER:     Defendants Mitchell, Rabideau, and Walker deny the averments of Paragraph 46.**

47.     By failing to "key out" Crawford for his medical appointments, Officer Walker delayed or denied Crawford of access to medical treatment and acted with deliberate indifference to a serious medical need.

**ANSWER:** Defendants Mitchell, Rabideau, and Walker deny the averments of Paragraph 47.

    48.    At all times relevant to this action, Officer Walker acted under color of State law.

**ANSWER:** Defendants Mitchell, Rabideau, and Walker admit the averments of Paragraph 48.

    49.    Crawford has been harmed as an actual and proximate result of Officer Walker's deliberate indifference to his serious medical needs.

**ANSWER:** Defendants Mitchell, Rabideau, and Walker deny the averments of Paragraph 49.

## COUNT III

### (Against Dr. Obaisi)

    50.    Crawford re-alleges paragraphs 1 through 30.

**ANSWER:** Defendants Mitchell, Rabideau, and Walker restate their answers to Paragraphs 1 through 30, as if restated herein.

    51.    Crawford has a right under the Eighth Amendment to receive adequate medical treatment while incarcerated at Stateville Correctional Center.

**ANSWER:** Defendants Mitchell, Rabideau, and Walker admit the averments of Paragraph 51.

    52.    Crawford's seizure disorder and injuries related to his fall constitute serious medical needs.

**ANSWER:** Defendants Mitchell, Rabideau, and Walker lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52.

    53.    At all relevant times, Dr. Obaisi was aware of Crawford's serious medical needs.

**ANSWER:** Defendants Mitchell, Rabideau, and Walker lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53.

    54.    Dr. Obaisi knew or should have known that Crawford's serious medical needs presented a substantial risk of serious harm to his health.

**ANSWER:** Defendants Mitchell, Rabideau, and Walker lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54.

    55.    At all times relevant to this action, Dr. Obaisi acted under color of State law.

**ANSWER:** Defendants Mitchell, Rabideau, and Walker lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55.

56.     By failing to provide Crawford with adequate medical treatment, Dr. Obaisi acted with deliberate indifference to serious medical needs.

**ANSWER:     Defendants Mitchell, Rabideau, and Walker lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56.**

57.     Crawford has been harmed as an actual and proximate result of Dr. Obaisi's deliberate indifference to his serious medical needs.

**ANSWER:     Defendants Mitchell, Rabideau, and Walker lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57.**

## COUNT IV

### (Against Drs. Brooks and Mitchell)

58.     Crawford re-alleges paragraphs 1 through 30.

**ANSWER: Defendants Mitchell, Rabideau, and Walker restate their answers to Paragraphs 1 through 30, as if restated herein.**

59.     Crawford has a right under the Eighth Amendment to receive adequate medical treatment while incarcerated at Stateville Correctional Center.

**ANSWER:     Defendants Mitchell, Rabideau, and Walker admit the averments of Paragraph 59.**

60.     Crawford's seizure disorder and injuries related to his fall constitute serious medical needs.

**ANSWER:     Defendants Mitchell, Rabideau, and Walker lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60.**

61.     At all relevant times, Dr. Brooks was aware of Crawford's serious medical needs.

**ANSWER: Defendants Mitchell, Rabideau, and Walker lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61.**

62.     At all relevant times, Dr. Mitchell was aware of Crawford's serious medical needs.

**ANSWER:     Defendants Mitchell, Rabideau, and Walker deny the averments of Paragraph 62.**

63.     Dr. Brooks knew or should have known that Crawford's serious medical needs presented a substantial risk of serious harm to his health.

**ANSWER: Defendants Mitchell, Rabideau, and Walker lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63.**

64.  Dr. Mitchell knew or should have known that Crawford's serious medical needs presented a substantial risk of serious harm to his health.

**ANSWER:  Defendants Mitchell, Rabideau, and Walker deny the averments of Paragraph 64.**

65.  At all times relevant to this action, Dr. Brooks acted under color of State law.

**ANSWER:  Defendants Mitchell, Rabideau, and Walker lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66.**

66.  At all times relevant to this action, Dr. Mitchell acted under color of State law.

**ANSWER:  Defendants Mitchell, Rabideau, and Walker admit the averments of Paragraph 66.**

67.  By failing to provide adequate medical treatment to Crawford, Dr. Brooks and Dr. Mitchell each acted with deliberate indifference to his serious medical needs.

**ANSWER:  Defendants Mitchell, Rabideau, and Walker deny the averments of Paragraph 67.**

68.  Crawford has been harmed as an actual and proximate result of Dr. Brooks's and Dr. Mitchell's deliberate indifference to his serious medical needs.

**ANSWER:  Defendants Mitchell, Rabideau, and Walker deny the averments of Paragraph 68.**

## GENERAL DENIAL

Defendants Mitchell, Walker, and Rabideau deny each and every allegation not specifically admitted herein.

## AFFIRMATIVE DEFENSE

At all times relevant herein, Defendants Mitchell, Walker, and Rabideau acted in good faith and in furtherance of lawful objectives without violating Plaintiff's clearly established statutory or constitutional rights of which a reasonable person would have known. Defendants Mitchell, Walker, and Rabideau are therefore protected from suit by the doctrine of qualified immunity.

## JURY DEMAND

Defendants Walker, Rabideau, and Mitchell demand a trial by jury on all issues herein triable.

Respectfully submitted,

LISA MADIGAN
Attorney General of Illinois          By:     s/Summer Hallaj
                                              SUMMER HALLAJ
                                              Assistant Attorney General
                                              General Law Bureau
                                              100 W. Randolph Street, 13th Floor
                                              Chicago, Illinois  60601
                                              (312) 814-3739

## CERTIFICATE OF SERVICE

The undersigned certifies that on December 4, 2015, she electronically filed the foregoing document with the Clerk of the Court for the Northern District of Illinois by using the CM/ECF system. Parties of record may obtain a copy through the Court's CM/ECF system.

/s/      Summer M. Hallaj

11

Exhibit C

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DEANDRE CRAWFORD,       )
                                  )
        Plaintiff,        )     No. 15 C 1597
                                  )
        v.               )     Honorable Edmond E. Chang
                                  )     Judge Presiding
KAREN RABIDEAÚ, et al.,     )
                                  )
        Defendants.    )

## KAREN RABIDEAU'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant, KAREN RABIEDEAU, by and through her attorney LISA MADIGAN,

Attorney General of Illinois and in response to Plaintiff's First Set of Interrogatories state as

follows:

## INTERROGATORIES

1.     Identify all persons answering, who assisted in answering, or who provided information used in answering these interrogatories and, for each person identified, identify the substance of the information provided.

**ANSWER: Defendant objects to Interrogatory No. 1 on the basis that it seeks information protected by the attorney-client privilege and/or the attorney work-product privilege. Without waiving her objections and subject to them, these are Defendant's answers.**

2.     List the names and addresses of all persons who have knowledge of the facts alleged in the Complaint, the Answer, including Your affirmative defenses and, for each person identified, provide a short description of the knowledge held by such person.

**ANSWER: The Defendant believes the following individuals may have knowledge of the facts alleged in Plaintiff's Complaint or Defendants' Answer:**

    **(1)**    **Dr. Jaqueline Mitchell, Defendant. Dr. Mitchell can be reached through Assistant Attorney General Summer Hallaj, at (312) 814-3739. Dr. Mitchell is expected to testify about her knowledge of the allegations against her in Plaintiff's Complaint.**

    **(2)**    **Karen Rabideau, Defendant. Ms. Rabideau can be reached through Assistant Attorney General Summer Hallaj, at (312) 814-3739. Ms. Rabideau is**

1

> expected to testify about her knowledge of the allegations against her in Plaintiff's Complaint.
>
> (3) **Daphine Walker, Defendant. Ms. Walker can be reached through Assistant Attorney General Summer Hallaj, at (312) 814-3739. Ms. Walker is expected to testify about her knowledge of the allegations against her in Plaintiff's Complaint.**
>
> (4) **Deandre Crawford, Plaintiff. Mr. Crawford is expected to testify regarding the allegations set forth in his Complaint.**
>
> (5) **Plaintiff's various medical care providers. These persons can be contacted by counsel of record for Wexford Health Sources, Inc. These individuals, as identified by Plaintiff's medical records, are expected to testify regarding Wexford's policies and medical issues regarding persons similarly situated to the Plaintiff and/or the Plaintiff.**
>
>> a. **The Defendants may not be in possession of the complete medical records for Plaintiff. Any medical professionals named in those documents may be called to testify regarding the physical state of Plaintiff before, after and during all times relevant to his Complaint.**
>
> (3) **Keeper(s) of the Records at Stateville Correctional Center. The Keeper(s) are expected to testify to the foundation of the Stateville records kept in the ordinary course of business.**

**Defendant reserves the right to amend or supplement this response pending any amendments to the Complaint, as well as information revealed during discovery. Furthermore, Defendant incorporates herein all of the individuals with knowledge named by the Plaintiff or Co-Defendant, if any. Investigation continues.**

3.    State whether You have any knowledge of Plaintiff's seizure disorder or his history of experiencing seizures and, if so, describe such knowledge including the source of that knowledge.

**ANSWER: Defendant has no knowledge of Plaintiff's seizure disorder or his history of experiencing seizures.**

4.    Identify Your job position(s) at Stateville, including a description of Your job duties associated with each position.

**ANSWER: Defendant currently holds the position of Correctional Counselor II, and performs the duty of Placement Officer at Stateville Correctional Center. A description of Defendant's job responsibilities may be found in documents bates labeled IDOC 509-510.**

5.    Provide a complete description of Plaintiff's housing history at Stateville, including bunk assignment(s) and cell mates, and indicate whether each cell mate identified has or ever had a low bunk permit and the applicable timeframe.

**ANSWER: Defendant objects to Interrogatory No. 5 as it is overly broad, unduly burdensome, and seeks information protected by HIPAA. Answering further, without waiving her objections and subject to them, *see* documents bates labeled IDOC 514-517, which reflect Plaintiff's housing history for the time period relevant to Plaintiff's claims.**

      6.     Identify all communications between You and Plaintiff

**ANSWER: Defendant objects to Interrogatory No. 6 on the basis that it is overly broad.**

      7.     Identify all communications relating to Plaintiff

**ANSWER: Defendant objects to Request No. 7 on the basis that it is overly broad, unduly burdensome, and seeks the disclosure of documents not relevant to any claims or defenses asserted. Defendant further objects on the basis that there could be several hundred documents responsive to Request No. 7, and the burden and expense required to identify the requested information outweighs its likely benefit. Furthermore, documents responsive to Request No. 7 include highly sensitive classification documents created and maintained by the Illinois Department of Corrections; the disclosure of these documents poses a serious security concern for the Illinois Department of Corrections. Answering further, without waiving her objections and subject to them, *see* documents bates labeled IDOC 84-93.**

      8.     Identify the policy or procedure for determining where to house a prisoner with a low bunk permit.

**ANSWER: Inmates are issued medical permits from a doctor in the Health Care Unit. A copy of the permit is placed with the inmate's medical records and another copy is given to the inmate. The inmate will notify the security staff in his cell house that he has a permit. The cell house staff will then contact the Placement Office. The Placement Officer first determines whether the inmate's current cell complies with the medical permit. If not, the Placement Officer will see whether the inmate can be moved to a different cell in order to accommodate the permit. In locating a cell to transfer the inmate, the Placement Officer takes many security factors into account, such the aggression level, security threat group affiliations, age, weight, height, and escape risk of the inmates involved in the transfer. If an appropriate cell is located, the Placement Officer notifies security staff and security staff will implement the transfer.**

      9.     Identify all bases for Your failure to assign Plaintiff a low bunk.

**ANSWER: Inmates at Stateville are not assigned specific beds. Defendant lacks sufficient knowledge or information to determine whether Plaintiff slept on the bottom bunk during the time relevant to the claims in his Amended Complaint.**

      10.     Identify all records relating to Plaintiff to which You had access in determining where to house him.

**ANSWER: When determining where to place an offender, Defendant consults the Offender Tracking System or the Offender 360 system. The Offender 360 system recently replaced the Offender Tracking System as Stateville's database for inmate information. On certain occasions, Defendant may call the Health Care Unit in determining where to place an**

3

inmate. However, Defendant cannot recall whether she contacted the Health Care Unit in determining where to place Plaintiff.

      11.    Identify all efforts You made to investigate and answer Paragraphs 13, 14, and 15 of the Complaint.

**ANSWER: Defendant objects to Interrogatory No. 11 on the basis that it seeks information protected by the attorney-client privilege and/or the attorney work-product privilege. Without waiving her objections and subject to them, Defendant lacked knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 13, 14, and 15 of Plaintiff's Amended Complaint.**

      12.    Identify all bases for and facts supporting Your denial of Paragraph 16 of the Complaint.

**ANSWER: Defendant denied the allegations in Paragraph 16 of Plaintiff's Amended Complaint on the basis that the allegations are false.**

      13.    Identify all bases for and facts supporting Your denial of Paragraph 30 of the Complaint.

**ANSWER: Defendant denied the allegations in Paragraph 30 of Plaintiff's Amended Complaint on the basis that the allegations are false.**

      14.    Identify all bases for and facts supporting Your denial of Paragraph 35 of the Complaint.

**ANSWER: Defendant denied the allegations in Paragraph 35 of Plaintiff's Amended Complaint on the basis that the allegations are false.**

      15.    Identify all bases for and facts supporting Your denial of Paragraph 38 of the Complaint.

**ANSWER: Defendant denied the allegations in Paragraph 38 of Plaintiff's Amended Complaint on the basis that the allegations are false.**

Respectfully submitted,

LISA MADIGAN
Attorney General of Illinois      By:    s/Summer Hallaj
                                            SUMMER HALLAJ
                                            Assistant Attorney General
                                            General Law Bureau
                                            100 W. Randolph Street, 13th Floor
                                            Chicago, Illinois  60601
                                            (312) 814-3739

**IN THE UNITED STATE DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| DEANDRE CRAWFORD, | ) | |
| | ) | |
| Plaintiff, | ) | No. 15 C 1597 |
| | ) | |
| v. | ) | Honorable Edmond E. Chang |
| | ) | Judge Presiding |
| KAREN RABIDEAU, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**KAREN RABIDEAU'S RESPONSE TO PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS**

Defendant KAREN RABIDEAU, by and through her attorney LISA MADIGAN,

Attorney General of Illinois and in response to Plaintiff's First Set of Document Requests states

as follows:

**DOCUMENT REQUESTS**

1.      All documents referred to or relied upon in responding to Plaintiff's First Set of Interrogatories to Rabideau.

**RESPONSE:** *See* **documents bates labeled IDOC 84-93, 509-517.**

2.      All documents relating to Your housing assignment for Plaintiff.

**RESPONSE: Defendant objects to Interrogatory No. 2 as vague and overly broad. Answering further, without waiving her objections and subject to them,** *see* **documents bates labeled IDOC 84-93, 509-517.**

3.      All Policies that determined or in any way affected Your housing assignment for Plaintiff.

**RESPONSE: Defendant was unable to locate any documents responsive to Request No. 3.**

4.      All documents setting forth, addressing, or discussing steps or procedures for determining a housing assignment for an inmate at Stateville.

**RESPONSE: Defendant was unable to locate any documents responsive to Request No. 4.**

5.      All communications regarding Plaintiff.

**RESPONSE:** Defendant objects to Request No. 5 on the basis that it is overly broad, unduly burdensome, and seeks the disclosure of documents not relevant to any claims or defenses asserted. Defendants further object on the basis that there could be several hundred documents responsive to Request No. 5, and the burden and expense required to produce the requested information outweighs its likely benefit. Furthermore, documents responsive to Request No. 5 include highly sensitive classification documents created and maintained by the Illinois Department of Corrections; the disclosure of these documents poses a serious security concern for the Illinois Department of Corrections.

      6.      All communications between You and Plaintiff.

**RESPONSE:** Defendant objects to Request No. 6 on the basis that it is overly broad.

      7.      All documents relating to Plaintiff or the allegations in the Complaint.

**RESPONSE:** Defendant objects to Request No. 7 on the basis that it is overly broad, unduly burdensome, and seeks the disclosure of documents not relevant to any claims or defenses asserted. Defendants further object on the basis that there could be several hundred documents responsive to Request No. 7, and the burden and expense required to produce the requested information outweighs its likely benefit. Furthermore, documents responsive to Request No. 7 include highly sensitive classification documents created and maintained by the Illinois Department of Corrections; the disclosure of these documents poses a serious security concern for the Illinois Department of Corrections.

      8.      Your personnel file.

**RESPONSE:** Defendant objects to Request No. 8 on the basis that it is not relevant to any claim or defense asserted. Furthermore, the disclosure of the requested information poses a serious security risk to the Illinois Department of Corrections.

      9.      Documents sufficient to show Your educational and professional history, such as a resume or curriculum vitae.

**RESPONSE:** Defendant objects to Request No. 9 on the basis that it isn't relevant to any claims or defenses asserted.

      10.      Documents sufficient to show all professional certifications or qualifications You hold.

**RESPONSE:** Defendant objects to Request No. 10 on the basis that it isn't relevant to any claims or defenses asserted.

      11.      All other documents not produced in response to the previous requests that may be used by You in support or defense of any claim or allegation in this Action.

**RESPONSE:** Defendants will disclose documents responsive to Request No. 11 at the time specified by the Federal Rules of Civil Procedure, or by order of the Court. Answering further, discovery is on-going, and Defendants reserve the right to supplement their answer at a later date.

12.     All other documents not produced in response to the previous requests relating to any allegation in the Complaint, Answers, or Affirmative Defenses.

**RESPONSE: Defendants will disclose documents responsive to Request No. 12 at the time specified by the Federal Rules of Civil Procedure, or by order of the Court. Answering further, discovery is on-going, and Defendants reserve the right to supplement their answer at a later date.**

Respectfully submitted,

LISA MADIGAN
Attorney General of Illinois                By:      s/Summer Hallaj
                                                      SUMMER HALLAJ
                                                      Assistant Attorney General
                                                      General Law Bureau
                                                      100 W. Randolph Street, 13th Floor
                                                      Chicago, Illinois  60601
                                                      (312) 814-3739
                                                      Shallaj@atg.state.il.us

3

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

DEANDRE CRAWFORD,       )
                                  )
       Plaintiff,        )     No. 15 C 1597
                                  )
         v.         )     Honorable Edmond E. Chang
                                  )     Judge Presiding
KAREN RABIDEAU, et al.,     )
                                  )
       Defendants.     )

### DAPHINE WALKER'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant, DAPHINE WALKER, by and through her attorney LISA MADIGAN,

Attorney General of Illinois and in response to Plaintiff's First Set of Interrogatories state as

follows:

### INTERROGATORIES

1.     Identify all persons answering, who assisted in answering, or who provided information used in answering these interrogatories and, for each person identified, identify the substance of the information provided.

**ANSWER: Defendant objects to Interrogatory No. 1 on the basis that it seeks information protected by the attorney-client privilege and/or the attorney work-product privilege. Without waiving her objections and subject to them, these are Defendant's answers.**

2.     List the names and addresses of all persons who have knowledge of the facts alleged in the Complaint, the Answer, including Your affirmative defenses and, for each person identified, provide a short description of the knowledge held by such person.

**ANSWER: The Defendant believes the following individuals may have knowledge of the facts alleged in Plaintiff's Complaint or Defendants' Answer:**

(1)     **Dr. Jaqueline Mitchell, Defendant. Dr. Mitchell can be reached through Assistant Attorney General Summer Hallaj, at (312) 814-3739. Dr. Mitchell is expected to testify about her knowledge of the allegations against her in Plaintiff's Complaint.**

(2)     **Karen Rabideau, Defendant. Ms. Rabideau can be reached through Assistant Attorney General Summer Hallaj, at (312) 814-3739. Ms. Rabideau is**

1

expected to testify about her knowledge of the allegations against her in Plaintiff's Complaint.

(3)     Daphine Walker, Defendant. Ms. Walker can be reached through Assistant Attorney General Summer Hallaj, at (312) 814-3739. Ms. Walker is expected to testify about her knowledge of the allegations against her in Plaintiff's Complaint.

(4)     Deandre Crawford, Plaintiff. Mr. Crawford is expected to testify regarding the allegations set forth in his Complaint.

(5)     Plaintiff's various medical care providers. These persons can be contacted by counsel of record for Wexford Health Sources, Inc. These individuals, as identified by Plaintiff's medical records, are expected to testify regarding Wexford's policies and medical issues regarding persons similarly situated to the Plaintiff and/or the Plaintiff.

    a.  The Defendants may not be in possession of the complete medical records for Plaintiff. Any medical professionals named in those documents may be called to testify regarding the physical state of Plaintiff before, after and during all times relevant to his Complaint.

(3)     Keeper(s) of the Records at Stateville Correctional Center. The Keeper(s) are expected to testify to the foundation of the Stateville records kept in the ordinary course of business.

Defendant reserves the right to amend or supplement this response pending any amendments to the Complaint, as well as information revealed during discovery. Furthermore, Defendant incorporates herein all of the individuals with knowledge named by the Plaintiff or Co-Defendant, if any. Investigation continues.

    3.  State whether You have any knowledge of Plaintiff's seizure disorder or his history of experiencing seizures and, if so, describe such knowledge including the source of that knowledge.

**ANSWER: Defendant does not currently have any knowledge of Plaintiff's seizure disorder or his history of experiencing seizures.**

    4.  Identify any knowledge You have regarding the existence, function, purpose, or other information you have regarding Stateville's seizure and hypertension clinic(s).

**ANSWER: Defendant has no information regarding Stateville's seizure and/or hypertension clinics. Answering further, Defendant does not have any medical training or expertise.**

    5.  Identify Your job position(s) at Stateville, including a description of Your job duties associated with each position.

2

**ANSWER:** Defendant has held the position of Correctional Officer since November 2004. As a Correctional Officer, Defendant assists in maintaining the security, custody, and control of inmates at Stateville Correctional Center. A detailed job description may be found at documents bates labeled as IDOC 486-487.

6.      Identify any periods of time during which You have been on a leave of absence from Your employment at Stateville, and state the reason(s) for and length of such absence.

**ANSWER:** Defendant objects to Interrogatory No. 6 on the basis that it is overly broad and not relevant to any claims or defenses asserted. Without waiving her objections and subject to them, Defendant went on a leave of absence beginning January 19, 2015, but has since returned to work at Stateville.

7.      Identify all communications between You and Plaintiff.

**ANSWER:** Defendant objects to Interrogatory No. 7 as overly broad. Without waiving her objection and subject to it, Defendant has no recollection of any communications with Plaintiff, and has no recollection of any communications with Plaintiff regarding his seizure condition or need for medical treatment.

8.      Identify all communications relating to Plaintiff.

**ANSWER:** Defendant objects to Request No. 8 on the basis that it is overly broad, unduly burdensome, and seeks the disclosure of documents not relevant to any claims or defenses asserted. Defendants further object on the basis that there could be several hundred documents responsive to Request No. 8, and the burden and expense required to identify the requested information outweighs its likely benefit. Furthermore, documents responsive to Request No. 8 include highly sensitive classification documents created and maintained by the Illinois Department of Corrections; the disclosure of these documents poses a serious security concern for the Illinois Department of Corrections.

9.      Identify any and all policies or procedures for "keying out" or otherwise taking inmates to medical appointments.

**ANSWER:** Within the cell house is a list of the scheduled medical appointments for the day. When an inmate has a scheduled medical appointment, a correctional officer, or other security staff, will notify the inmate of his appointment, and at the time of his appointment, will escort the inmate to the Health Care Unit. However, medical appointments may be cancelled if there is a facility lockdown in place.

10.     Identify all bases for Your failure to "key out" or take Plaintiff to any of his medical appointments in 2014 or 2015, in particular his appointment scheduled for April 22, 2014.

**ANSWER:** Defendant has no recollection of refusing to take Plaintiff to any of his scheduled medical appointments.

11.     Identify all efforts You made to investigate and answer Paragraphs 17, 18, and 19 of the Complaint.

3

**ANSWER:** **Defendant objects to Interrogatory No. 11 on the basis of attorney-client privilege and/or the attorney work-product privilege. Without waiving her objections and subject to them, Defendant lacked knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 17-19 of Plaintiff's Amended Complaint.**

12.     Identify all bases for and facts supporting Your denial of Paragraph 46 of the Complaint.

**ANSWER:** **Defendant denied the allegations in Paragraph 46 of Plaintiff's Amended Complaint on the basis that the allegations are false.**

13.     Identify all bases for and facts supporting Your denial of Paragraph 47 of the Complaint.

**ANSWER:** **Defendant denied the allegations in Paragraph 47 of Plaintiff's Amended Complaint on the basis that the allegations are false.**

Respectfully submitted,

LISA MADIGAN
Attorney General of Illinois                By:     s/Summer Hallaj
                                                    SUMMER HALLAJ
                                                    Assistant Attorney General
                                                    100 W. Randolph Street, 13th Floor
                                                    Chicago, Illinois  60601
                                                    (312) 814-3739
                                                    Shallaj@atg.state.il.us

4

**IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DEANDRE CRAWFORD, | ) | |
| | ) | |
| Plaintiff, | ) | No. 15 C 1597 |
| | ) | |
| v. | ) | Honorable Edmond E. Chang |
| | ) | Judge Presiding |
| KAREN RABIDEAU, et al., | ) | |
| | ) | |
| Defendants. | ) | |

<u>**DAPHINE WALKER'S RESPONSE TO PLAINTIFF'S FIRST SET OF DOCUMENT
REQUESTS**</u>

Defendant, DAPHINE WALKER, by and through her attorney LISA MADIGAN,

Attorney General of Illinois and in response to Plaintiff's First Set of Document Requests states

as follows:

## <u>DOCUMENT REQUESTS</u>

1.      All documents referred to or relied upon in responding to Plaintiff's First Set of
Interrogatories to Walker.

<u>**RESPONSE:**</u> *See* **documents bates labeled IDOC 486-487.**

2.      All Policies that determined or in any way affect when You "key out" or
otherwise take Stateville inmates to medical appointments.

<u>**RESPONSE:**</u> **Investigation continues.**

3.      All documents setting forth, addressing, or discussing steps or procedures for
"keying out" or otherwise taking Stateville inmate to a medical appointment.

<u>**RESPONSE:**</u> **Investigation continues.**

4.      All communications regarding Plaintiff.

<u>**RESPONSE:**</u> **Defendant objects to Request No. 4 on the basis that it is overly broad,
unduly burdensome, and seeks the disclosure of documents not relevant to any claims or
defenses asserted. Defendants further object on the basis that there could be several
hundred documents responsive to Request No. 4, and the burden and expense required to
produce the requested information outweighs its likely benefit. Furthermore, documents
responsive to Request No. 4 include highly sensitive classification documents created and**

1

maintained by the Illinois Department of Corrections; the disclosure of these documents poses a serious security concern for the Illinois Department of Corrections.

     5.     All communications between You and Plaintiff.

**RESPONSE: Defendant objects to Request for Production No. 7 as overly broad. Without waiving her objection and subject to it, Defendant has no recollection of any specific communications with Plaintiff, and has no recollection of any communications with Plaintiff regarding his seizure condition.**

     6.     All documents relating to Plaintiff or the allegations in the Complaint.

**RESPONSE: Defendant objects to Request No. 6 on the basis that it is overly broad, unduly burdensome, and seeks the disclosure of documents not relevant to any claims or defenses asserted. Defendants further object on the basis that there could be several hundred documents responsive to Request No. 6, and the burden and expense required to produce the requested information outweighs its likely benefit. Furthermore, documents responsive to Request No. 6 include highly sensitive classification documents created and maintained by the Illinois Department of Corrections; the disclosure of these documents poses a serious security concern for the Illinois Department of Corrections.**

     7.     Your personnel file.

**RESPONSE: Defendant objects to Request No. 7 on the basis that it is not relevant to any claim or defense asserted. Furthermore, the disclosure of the requested information poses a serious security risk to the Illinois Department of Corrections.**

     8.     Documents sufficient to show your educational and professional history, such as a resume or curriculum vitae.

**RESPONSE: Defendant objects to Request No. 8 on the basis that it is not relevant to any claim or defense asserted.**

     9.     Documents sufficient to show all professional certifications or qualifications You hold.

**RESPONSE: Defendant objects to Request No. 9 on the basis that it is not relevant to any claim or defense asserted.**

     10.     Documents sufficient to show the dates and times during which You were working at Stateville.

**RESPONSE: Defendant objects to Request No. 10 on the basis that it is overly broad, unduly burdensome, and seeks the disclosure of documents not relevant to any claims or defenses asserted. Defendant furthers object on the basis that there could be several hundred documents responsive to Request No. 10, and the burden and expense required to produce the requested information outweighs its likely benefit.**

11.     All other documents not produced in response to the previous requests that may be used by You in support or defense of any claim or allegation in this Action.

**RESPONSE:  Defendants will disclose documents responsive to Request No. 11 at the time specified by the Federal Rules of Civil Procedure, or by order of the Court. Answering further, discovery is on-going, and Defendants reserve the right to supplement their answer at a later date.**

12.     All other documents not produced in response to the previous requests relating to any allegation in the Complaint, Answers, or Affirmative Defenses.

**RESPONSE: Defendants will disclose documents responsive to Request No. 12 at the time specified by the Federal Rules of Civil Procedure, or by order of the Court. Answering further, discovery is on-going, and Defendants reserve the right to supplement their answer at a later date.**

Respectfully submitted,

LISA MADIGAN
Attorney General of Illinois                     By:     s/Summer Hallaj
                                                          SUMMER HALLAJ
                                                          Assistant Attorney General
                                                          General Law Bureau
                                                          100 W. Randolph Street, 13th Floor
                                                          Chicago, Illinois  60601
                                                          (312) 814-3739
                                                          Shallaj@atg.state.il.us

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| DEANDRE CRAWFORD, | ) | |
| | ) | |
| Plaintiff, | ) | No. 15 C 1597 |
| | ) | |
| v. | ) | Honorable Edmond E. Chang |
| | ) | Judge Presiding |
| KAREN RABIDEAU, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DR. MITCHELL'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Defendant, DR. MITCHELL, by and through her attorney LISA MADIGAN, Attorney

General of Illinois and in response to Plaintiff's First Set of Interrogatories state as follows:

**INTERROGATORIES**

1.      Identify all persons answering, who assisted in answering, or who provided information used in answering these interrogatories and, for each person identified, identify the substance of the information provided.

**ANSWER: Defendant objects to Interrogatory No. 1 on the basis that it seeks information protected by the attorney-client privilege and/or the attorney work-product privilege. Without waiving her objections and subject to them, these are Defendant's answers.**

2.      List the names and addresses of all persons who have knowledge of the facts alleged in the Complaint, the Answer, including Your affirmative defenses and, for each person identified, provide a short description of the knowledge held by such person.

**ANSWER: The Defendant believes the following individuals may have knowledge of the facts alleged in Plaintiff's Complaint or Defendants' Answer:**

(1)      **Dr. Jaqueline Mitchell, Defendant. Dr. Mitchell can be reached through Assistant Attorney General Summer Hallaj, at (312) 814-3739. Dr. Mitchell is expected to testify about her knowledge of the allegations against her in Plaintiff's Complaint.**

(2)      **Karen Rabideau, Defendant. Ms. Rabideau can be reached through Assistant Attorney General Summer Hallaj, at (312) 814-3739. Ms. Rabideau is expected to testify about her knowledge of the allegations against her in Plaintiff's Complaint.**

1

(3)     Daphine Walker, Defendant. Ms. Walker can be reached through Assistant Attorney General Summer Hallaj, at (312) 814-3739. Ms. Walker is expected to testify about her knowledge of the allegations against her in Plaintiff's Complaint.

(4)     Deandre Crawford, Plaintiff. Mr. Crawford is expected to testify regarding the allegations set forth in his Complaint.

(5)     Plaintiff's various medical care providers. These persons can be contacted by counsel of record for Wexford Health Sources, Inc. These individuals, as identified by Plaintiff's medical records, are expected to testify regarding Wexford's policies and medical issues regarding persons similarly situated to the Plaintiff and/or the Plaintiff.

     a.  The Defendants may not be in possession of the complete medical records for Plaintiff. Any medical professionals named in those documents may be called to testify regarding the physical state of Plaintiff before, after and during all times relevant to his Complaint.

(3)     Keeper(s) of the Records at Stateville Correctional Center. The Keeper(s) are expected to testify to the foundation of the Stateville records kept in the ordinary course of business.

Defendant reserves the right to amend or supplement this response pending any amendments to the Complaint, as well as information revealed during discovery. Furthermore, Defendant incorporates herein all of the individuals with knowledge named by the Plaintiff or Co-Defendant, if any. Investigation continues.

3.     State whether You have any knowledge of Plaintiff's complaints, pain, or dental issues or conditions related to any broken teeth and, if so, describe such knowledge including the source of that knowledge.

ANSWER: Defendant has no independent recollection of Plaintiff's complaints or dental treatment, aside from what is contained in Plaintiff's dental records. Plaintiff's dental records have been produced as documents bates labeled IDOC 1-22.

4.     Identify all dental treatment You provided to Plaintiff, including the dates of such treatment.

ANSWER: Defendant has no independent recollection of Plaintiff's complaints or dental treatment, aside from what is contained in Plaintiff's dental records. Plaintiff's dental records have been produced as documents bates labeled IDOC 1-22.

5.     Identify all dates on which Plaintiff was scheduled to receive dental treatment, but did not receive dental treatment and the reason for the lack of treatment.

ANSWER: Defendant has no independent recollection of Plaintiff's complaints or dental treatment, aside from what is contained in Plaintiff's dental records. Plaintiff's dental records have been produced as documents bates labeled IDOC 1-22.

2

6.      Identify all communications between You and Plaintiff.

**ANSWER: Defendant objects to Interrogatory No. 6 as overly broad. Answering further, without waiving her objection and subject to it, Defendant has no independent recollection of Plaintiff's complaints or dental treatment, aside from what is contained in Plaintiff's dental records. Plaintiff's dental records have been produced as documents bates labeled IDOC 1-22.**

7.      Identify all communications relating to Plaintiff.

**ANSWER: Defendant objects to Request No. 7 on the basis that it is overly broad, unduly burdensome, and seeks the disclosure of documents not relevant to any claims or defenses asserted. Defendant further objects on the basis that there could be several hundred documents responsive to Request No. 7, and the burden and expense required to identify the requested information outweighs its likely benefit. Furthermore, documents responsive to Request No. 7 include highly sensitive classification documents created and maintained by the Illinois Department of Corrections; the disclosure of these documents poses a serious security concern for the Illinois Department of Corrections. Without waiving her objections and subject to them, *see* Plaintiff's dental records, produced as documents bates labeled IDOC 1-22.**

8.      Identify the standard course of treatment for a patient with a broken tooth, including treatment when the tooth is broken at the root.

**ANSWER: Defendant objects to Interrogatory No. 8 as overly broad, unduly burdensome, and seeks the disclosure of information that is not relevant to any claims or defenses asserted. Without waiving her objections and subject to them, Defendant provides dental treatment on a case-by-case basis, based on the needs of the particular patient. Answering further, if a patient's tooth is broken at the root, it will be extracted. However, a tooth that is not broken at the root may be restored. The ability to restore a tooth varies and will depend on factors such as: the type of break, whether the tooth may be saved, and how much of the structure of the tooth remains.**

9.      Identify all bases for Your failure to take any step identified in response to Interrogatory 8 in treating Plaintiff for the injuries alleged in the Complaint.

**ANSWER: Defendant provides dental treatment on a case-by-case basis, based on the needs of the particular patient. Defendant provided Plaintiff with appropriate dental care. *See* Plaintiff's dental records, which have been produced as bates labeled documents IDOC 1-22.**

10.      Identify the factors You consider when You determine whether or not to prescribe a patient a liquid diet.

**ANSWER: Defendant objects to Interrogatory No. 8 as overly broad, unduly burdensome, and seeks the disclosure of information that is not relevant to any claims or defenses asserted. Without waiving her objections and subject to them, Defendant provides dental treatment on a case-by-case basis, based on the needs of the particular patient. Answering**

**further, a liquid diet will generally only be prescribed if the patient cannot eat any type of food. If the patient is able to chew and digest food, the patient generally will not require a liquid diet. Ordering a liquid diet is usually a last resort, as it is more difficult for the patient to receive adequate nutrition on a liquid diet.**

11.     Identify all bases for Your failure to prescribe Plaintiff a liquid diet in treating Plaintiff for the injuries alleged in the Complaint.

**ANSWER:  Defendant provides dental treatment on a case-by-case basis, based on the needs of the particular patient. Defendant provided Plaintiff with appropriate dental care. *See* Plaintiff's dental records, which have been produced as bates labeled documents IDOC 1-22.**

12.     Identify all efforts You made to investigate and answer Paragraphs 23 and 24 of the Complaint.

**ANSWER: Defendant objects to Interrogatory No. 12 on the basis that it seeks information protected by the attorney-client privilege and/or the attorney work-product privilege. Answering further, without waiving her objections and subject to them, Defendant lacked knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 23 and 24 of Plaintiff's Amended Complaint.**

13.     Identify all bases for and facts supporting Your denial of Paragraph 25 of the Complaint.

**ANSWER: Defendant denied the allegations in Paragraph 25 of Plaintiff's Amended Complaint on the basis that the allegations are false.**

14.     Identify all bases for and facts supporting Your denial of Paragraph 26 of the Complaint.

**ANSWER: Defendant denied the allegations in Paragraph 26 of Plaintiff's Amended Complaint on the basis that the allegations are false.**

15.     Identify all efforts You made to investigate and answer Paragraphs 27 and 28 of the Complaint.

**ANSWER: Defendant objects to Interrogatory No. 15 on the basis that it seeks information protected by the attorney-client privilege and/or the attorney work-product privilege. Answering further, without waiving her objections and subject to them, Defendant lacked knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 27 and 28 of Plaintiff's Amended Complaint.**

16.     Identify all bases for and facts supporting Your denial of Paragraph 29 of the Complaint.

**ANSWER: Defendant denied the allegations in Paragraph 29 of Plaintiff's Amended Complaint on the basis that the allegations are false.**

4

17.     Identify all records relating to Plaintiff to which you had access in preparation for or during your treatment of him.

**ANSWER: Defendant may have access to a patient's dental chart in preparation for, or during, treatment. If Defendant does not have a patient's dental chart, she will order an x-ray prior to treatment. Defendant lacks sufficient knowledge or information to determine whether she had access to Plaintiff's dental chart in preparation for, or during, her treatment of Plaintiff.**

18.     Identify and describe the process for keeping record(s) of Plaintiff's dental issues, complaints, or treatment.

**ANSWER: An inmate's request for dental treatment is first logged in a request book that is kept in the Dental Office. The inmate's request for treatment is then logged into the inmate's dental chart. The Dental Office also keeps a log for all inmates who need dental treatment, as well as a daily encounter log of inmates who were seen in the Dental Office. Inmate grievances are kept by the Grievance Office or the Warden's Office.**

19.     Identify all bases on which You claim that your treatment of Plaintiff was sufficient or adequate.

**ANSWER: At all times relevant to the allegations in Plaintiff's Amended Complaint, Defendant provided Plaintiff with medically appropriate care. *See* Plaintiff's dental records, which have been produced as bates labeled documents IDOC 1-22.**

Respectfully submitted,

LISA MADIGAN
Attorney General of Illinois          By:     s/Summer Hallaj
                                              SUMMER HALLAJ
                                              Assistant Attorney General
                                              General Law Bureau
                                              100 W. Randolph Street, 13th Floor
                                              Chicago, Illinois  60601
                                              (312) 814-3739
                                              Shallaj@atg.state.il.us

IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DEANDRE CRAWFORD,        )
                              )
        Plaintiff,        )     No. 15 C 1597
                              )
        v.              )     Honorable Edmond E. Chang
                              )     Judge Presiding
KAREN RABIDEAU, et al.,     )
                              )
        Defendants.    )

## DR. MITCHELL'S RESPONSE TO PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS

Defendant, DR. JAQUELIN MITCHELL, by and through her attorney LISA

MADIGAN, Attorney General of Illinois and in response to Plaintiff's First Set of Document

Requests states as follows:

## DOCUMENT REQUESTS

1.    All documents referred to or relied upon in responding to Plaintiff's First Set of Interrogatories to Dr. Mitchell.

**RESPONSE:** *See* **Plaintiff's dental records, which have been produced as bates labeled documents IDOC 1-22.**

2.    All documents relating to Your treatment of Plaintiff.

**RESPONSE:** *See* **Plaintiff's dental records, which have been produced as bates labeled documents IDOC 1-22.**

3.    All Policies that determined or in any way affected Your treatment of Plaintiff.

**RESPONSE:** *See* **Stateville and IDOC policies regarding medical and dental treatment, which have been produced as bates labeled documents IDOC 23-83, 488-508.**

4.    All documents relating to Your claim that the treatment You provided to Plaintiff was adequate.

**RESPONSE:** *See* **Plaintiff's dental records, which have been produced as bates labeled documents IDOC 1-22.**

5.    All documents that identify the standard course of treatment for a broken tooth or teeth.

1

**RESPONSE:** Dental treatment at Stateville is provided on a case-by-case basis, depending on the needs of the particular patient. Answering further, *see* Stateville and IDOC policies regarding medical and dental treatment, which have been produced as bates labeled documents IDOC 23-83, 488-508.

6. All documents that identify steps or procedures for examining or treating a patient at Stateville who has broken a tooth or teeth.

**RESPONSE:** Dental treatment at Stateville is provided on a case-by-case basis, depending on the needs of the particular patient. Answering further, *see* Stateville and IDOC policies regarding medical and dental treatment, which have been produced as bates labeled documents IDOC 23-83, 488-508.

7. All communications regarding Plaintiff.

**RESPONSE:** Defendant objects to Request No. 7 on the basis that it is overly broad, unduly burdensome, and seeks the disclosure of documents not relevant to any claims or defenses asserted. Defendant further objects on the basis that there could be several hundred documents responsive to Request No. 7, and the burden and expense required to produce the requested information outweighs its likely benefit. Furthermore, documents responsive to Request No. 7 include highly sensitive classification documents created and maintained by the Illinois Department of Corrections; the disclosure of these documents poses a serious security concern for the Illinois Department of Corrections.

8. All communications between You and Plaintiff

**RESPONSE:** *See* Plaintiff's dental records, which have been produced as bates labeled documents IDOC 1-22.

9. All documents relating to Plaintiff or the allegations in the Complaint.

**RESPONSE:** Defendant objects to Request No. 9 on the basis that it is overly broad, unduly burdensome, and seeks the disclosure of documents not relevant to any claims or defenses asserted. Defendant further objects on the basis that there could be several hundred documents responsive to Request No. 9, and the burden and expense required to produce the requested information outweighs its likely benefit. Furthermore, documents responsive to Request No. 9 include highly sensitive classification documents created and maintained by the Illinois Department of Corrections; the disclosure of these documents poses a serious security concern for the Illinois Department of Corrections. Answering further, without waiving her objections and subject to them, *see* documents previously disclosed to Plaintiff, bates labeled as IDOC 1-513.

10. Your personnel file.

**RESPONSE:** Defendant objects to Request No. 10 on the basis that it is not relevant to any claims or defenses asserted. Furthermore, the disclosure of the requested information poses a serious security risk to the Illinois Department of Corrections.

2

11.     Documents sufficient to show the dates and times during which You were working at Stateville's dental unit.

**RESPONSE: Defendant objects on the basis that Request No. 11 is overly broad, unduly burdensome, and seeks the disclosure of information not relevant to any claims or defenses asserted. Defendants further object on the basis that there could be several hundred documents responsive to Request No. 11, and the burden and expense required to produce the requested information outweighs its likely benefit. Answering further, *see* Plaintiff's dental records, which have been produced as bates labeled documents IDOC 1-22.**

12.     Documents sufficient to show your educational and professional history, such as a resume or curriculum vitae.

**RESPONSE: Defendant objects to Request No. 12 on the basis that it is not relevant to any claims or defenses asserted.**

13.     Documents sufficient to show all professional certifications or qualifications You hold.

**RESPONSE: Defendant objects to Request No. 13 on the basis that it is not relevant to any claims or defenses asserted.**

14.     All other documents not produced in response to the previous requests that may be used by You in support or defense of any claim or allegation in this Action.

**RESPONSE: Defendants will disclose documents responsive to Request No. 14 at the time specified by the Federal Rules of Civil Procedure, or by order of the Court. Answering further, discovery is on-going, and Defendants reserve the right to supplement their answer at a later date.**

15.     All other documents not produced in response to the previous requests relating to any allegation in the Complaint, Answers, or Affirmative Defenses.

**RESPONSE: Defendants will disclose documents responsive to Request No. 15 at the time specified by the Federal Rules of Civil Procedure, or by order of the Court. Answering further, discovery is on-going, and Defendants reserve the right to supplement their answer at a later date.**

Respectfully submitted,

LISA MADIGAN
Attorney General of Illinois          By:     s/Summer Hallaj
                                              SUMMER HALLAJ
                                              Assistant Attorney General
                                              General Law Bureau
                                              100 W. Randolph Street, 13th Floor
                                              Chicago, Illinois 60601
                                              (312) 814-3739
                                              Shallaj@atg.state.il.us